CHARLES HILLMAN v. JOHN C. SCHWENK AND DANIEL MILLER.

[See *ante,* 293, *post,* 301.]

*Executors and administrators—Title to personalty of deceased—Testimony as to matters equally within knowledge of deceased person.*

1. The title of the testator's personal property vests in the executor for the purposes of administering the estate, and, if he neglects his duty in collecting and obtaining possession of the assets, the law affords the devisees and legatees a remedy, but it will not permit them to represent the estate in the prosecution or defense of suits.

2. In a suit against the maker by the holder of a promissory note purporting to be indorsed *in blank* by a *deceased* payee, which indorsement is claimed to be a *forgery,* if the executor indemnifies the defendant, or takes upon himself the defense of the suit, the plaintiff will be disqualified from testifying to matters equally within the knowledge of the deceased payee.

3. The remaining questions involved in this case are decided in *Hillman v. Schwenk, ante,* 293.

| 68 | 297 |
| 68 | 302 |
| 68 | 297 |
| 87 | 24 |
| 87 | 30 |
| 68 | 297 |
| 104 | 157 |
| 68 | 297 |
| 113 | 405 |
| 68 | 297 |
| 120 | 410 |

Error to Berrien.    (Smith, J.)    Argued January 4, 1888.
Decided March 2, 1888.

Assumpsit.    Defendants bring error.    Reversed.    The
facts are stated in the opinion.

*Spafford Tryon* and *Edward Bacon,* for appellants.

*William H. Breece* (*Clapp & Bridgman,* of counsel), for
plaintiff.

CHAMPLIN, J.    The plaintiff brought this suit to recover
the amount of a paper writing as follows:

                "NEW BUFFALO, MICH., Oct. 12, 1881.
"One year after date we promise to pay to the order of
John Weigers three hundred dollars, per value received, with
interest at the rate of 7 per cent. per annum from date; and
it is agreed that, if the interest is not paid when due, it shall
be added to the principal of this note, and bear the same rate
of interest.                         JOHN C. SCHWENK.
                                 "DANIEL MILLER."
Indorsed:   "JOHN WEIGERS. X"

Interest was also indorsed as paid up to and including
1885.

The declaration was upon the common counts, with copy
of the instrument annexed.

The plea was the general issue, with a notice that John
Weigers never indorsed to the plaintiff, and never transferred
to said plaintiff, the note ; that it never was the property of
the plaintiff, but was the property of John Weigers, the payee
in the note named, until his death, in April, 1886, and there-
after belonged to the executor or administrator of John Wei-
gers' estate.

On the trial it was agreed between the parties that the note
was made and given by the defendants—John C. Schwenk as
principal, and Daniel Miller as surety—to John Weigers for
borrowed money.

" That said John Weigers died testate in said county on the twelfth day of April, 1886; that in the probate court of said county his will was duly probated, and Albert Kelling appointed administrator with the will annexed; that by said will, after some unimportant bequests, said John Weigers left his estate to be divided equally,—one-third to Frederick Hillman, the plaintiff's father; one-third to August Hillman, the plaintiff's uncle; and one-third to Carl Wolff, Sr.

"And it was further agreed by the parties that the only question in this suit was whether or not the plaintiff, within the last year of the life of the said John Weigers, purchased from him said note, and thereby became the owner thereof; in other words, whether said note, at the commencement of this suit, was the property of said plaintiff, or was the property of the estate of said John Weigers.

" That the testimony upon said trial showed that the defendants in this suit had received from said Carl Wolff a bond of indemnity against all trouble, loss, and expense in defending this suit; and that Carl Wolff, by reason of his interest under the will aforesaid, had taken upon himself the entire defense of this suit, and was making such defense. The defendants, in consideration of the premises, allowed him, in their names, to make all the defense in this suit.

"And the counsel for said plaintiff, to maintain and prove the said issue on his part, produced as a witness the said plaintiff, Charles Hillman, and showed to said witness the note aforesaid, with its indorsements as they appear in the declaration, and also another note, of which the following is a copy:

" '$200.          NEW BUFFALO, MICH., November 4, 1882.

" 'Two years after date we promise to pay to the order of John Weigers two hundred dollars, for value received, with interest at the rate of 6 per centum per annum from date; and it is agreed that, if the interest is not paid when due, it shall be added to the principal of this note, and bear interest at the same rate of interest.

" ' JOHN C. SCHWENK.
" ' BARBARA SCHWENK.'

There being pending in this court another suit by said plaintiff against the makers of said note for collection thereof."

While it was competent for the defendants to impeach the plaintiff's title in the note, and to agree upon that as the sole question in the case, such agreement would not bind the

executor of the estate, as he was not a party to it, and did not take upon himself the burthen of the defense.

The title of the testator's personal property vests in the executor for the purposes of administering the estate; and, if the note in question in reality does belong to the estate of John Weigers, the executors would not be bound by a judgment in this case in the plaintiff's favor. If the executor neglects his duty in collecting or obtaining possession of the assets of his testate, the law affords to the devisee and legatees a remedy, but the law does not permit a devisee or legatee to represent the estate in the prosecution or defense of suits.

If the executor had indemnified the defendants, or had taken upon himself the defense of the suit, the statute excluding the plaintiff from testifying to matters which were equally within the knowledge of the deceased would have applied; but, as the legatee does not represent the deceased person while there is an executor, the statute does not apply.

The suit last above mentioned was brought to this Court, and an opinion by the Chief Justice was filed therein upon the twenty-sixth day of January, 1888. (See *Hillman v. Schwenk, ante,* 293.) The material errors assigned in this case are the same as those passed upon in the opinion filed; and for reasons therein stated the judgment in this case must be reversed, and a new trial ordered.

SHERWOOD, C. J., MORSE and LONG, JJ., concurred. CAMPBELL, J., did not sit.