CHARLES HILLMAN v. JOHN C. SCHWENK, IMPLEADED
WITH BARBARA SCHWENK.

[See *ante*, 293, 297.]

*Evidence—Witness—Administrator assuming defense of suit—
Indorsement of note—Forgery.*

This case is ruled by the former opinion (*ante*, 293), to which reference
is had.

Error to Berrien. (O'Hara, J.) Argued October 11 and
12, 1888. Decided November 28, 1888.

Assumpsit. Defendant brings error. Reversed and new
trial *denied*. The facts are stated in this and the former
opinion.

*Safford Tryon* and *Edward Bacon,* for appellant.

*William H. Breece* (*Clapp & Bridgman,* of counsel), for
plaintiff.

SHERWOOD, C. J. This suit is upon the common counts
in assumpsit, with notice that a note is relied on for recovery,
given by the defendants to John Weigers for the payment of
the sum of $200 in two years from date, with interest at 6
per cent., and, if not paid when due, the interest is to be
added to the principal, and both to draw interest until paid·
The note is dated November 4, 1882, and made payable to
the order of Weigers. The interest is indorsed paid to 1885.

Defendants pleaded the general issue, with notice they
would show that the note was never indorsed by Weigers to
the plaintiff, and was never transferred by the former,
neither was it ever the property of the plaintiff, but was the
property of Weigers until he died, and thereafter belonged to

his administrator or executor; that Barbara Schwenk before and at the time the note was given, and ever since, has been the lawful wife of John C. Schwenk; that she never received any consideration for the note, and signed the same as surety, and that, as against her, it is void.

The case has been twice tried in the circuit. On the first trial the plaintiff had judgment, which was reversed in this Court on error, and a new trial ordered (68 Mich. 293, 36 N. W. Rep. 77). Such trial has been had, and the plaintiff has again recovered. The record brings before us a bill of exceptions containing all the evidence.

A similar case between this plaintiff and one of these defendants and Mr. Miller, involving substantially the same considerations as in this, was before this Court, and by us decided shortly before the last trial (68 Mich. 297, 36 N. W. Rep. 670). In accordance with the opinion given in that case, the administrator of John Weigers' estate, it seems, has deemed it his duty to take upon himself the defense of this suit upon the second trial, and allowed it to proceed in the names of the original parties, and upon the same pleadings as before, but has indemnified the defendants against the costs thereof. This fact was called to the attention of the circuit judge, and the indemnifying bond was filed with the papers in the case. Otherwise the record is substantially the same as that formerly before us, and presents the same questions of law.

Upon a re-examination of these, and an inspection of the record, we think the views *then* taken of the case were correct, and that the judgment should be again reversed, and that a new trial should *not* be granted.

The other Justices concurred