77   391
90   123

THEODORE   S.   BARNES   v.   KOSCIUSKO   P.   PEET   AND
DANIEL C. JOHNSON.

*Promissory note—Ownership of—Burden of proof—Charge to jury.*

1. Where, in a suit upon a note delivered to the secretary
   of an insurance company as security for a loan made by him,
   the question of fact to be determined by the jury is whether
   the money loaned belonged to the secretary or to the company,
   they can determine such issue without any special instructions
   as to the law of ownership, or as to what would constitute an
   ownership of the note either in the secretary or in the insurance
   company.

2. While the unexplained possession of a note, indorsed in blank,
   is presumptive evidence of ownership and sufficient to warrant
   a recovery in a suit by the holder thereon, the introduction of
   evidence tending to show that the note belongs to an insurance
   company of which the holder is the secretary and treasurer,
   and *ex officio* the proper custodian of the note if it belongs to
   the company, will destroy such presumption, and cast the
   burden upon the holder to show his ownership.   *Bank v.
   Seymour*, 64 Mich. 59.

Error to Gratiot.   (Hart, J.)   Argued January 30,
1889.   Decided November 8, 1889.

*Assumpsit.*   Plaintiff brings error.   Affirmed.   The
facts are stated in the opinion.

*H. & E. L. Walbridge* and *Huntington & Henderson,*
for appellant, contended:

1. The jury should have been instructed as to the rules of law by
   which they were to determine under what circumstances the
   note should be regarded as the note of the company, and of
   which company, or of the plaintiff; citing Sacket, Inst. Juries,
   chap. 35, §§ 1, 2; *Provision Co. v. Tilton*, 87 Ill. 547, 553; *Ken-
   dall v. Brown*, 74 Id. 232.

2. The jury should have been told that the burden of proof was
   with the defendants; citing *Hovey v. Sebring*, 24 Mich. 232,

233 (note); *Knapp v. Lee,* 42 Id. 43; *Burson v. Huntington,* 21 Id. 415; *Sewing Machine Co. v. Spears,* 50 Id. 534–536; *Hays v. Hathorn,* 74 N. Y. 436.

3. The fact that the plaintiff paid for the note wholly with the funds of the company would be no legal defense unless the possession was obtained *mala fides;* citing 2 Pars. N. & B. 437–443.

4. It is undisputed that the plaintiff was in the actual possession of whatever funds may have belonged to the first company at date of the note, and with the approbation of all parties concerned in the note; and, whether he made use of company funds or not, the legal title at least of the note went to the plaintiff; citing *Boyd v. Corbitt,* 37 Mich. 52; *Moore v. Hall,* 48 Id. 143–145; Story, Prom. Notes, 3, § 3; 2 Pars. N. & B. 436; and, assuming that the legal title was held in trust for the company, it would prevail until the equity was in some way asserted; citing *Moore v. Hall,* 48 Mich. 143–145; and the legal owner may bring suit; citing *Thompson v. Hoagland,* 65 Ill. 310; *Palmer v. Gardiner,* 77 Id. 143; *Hotchkiss v. Thompson,* 1 Morris (Iowa), 156.

5. Plaintiff was the secretary, treasurer, and general manager of the company, and, as such, could sue upon the note in his individual character and recover judgment, even though not the owner; citing *Brigham v. Gurney,* 1 Mich. 348; *Boyd v. Corbitt,* 37 Id. 52; *Sanford v. McCreedy,* 28 Wis. 103; *Robinson v. Crandall,* 9 Wend. 425; *Gage v. Kendall,* 15 Id. 640.

*James L. Clark* and *George P. Stone,* for defendants, contended:

1. Plaintiff alleged, and before resting his case offered evidence to prove, that he was the owner of the note at time suit was commenced, and the burden was upon him to establish such ownership; citing *Stewart v. Ashley,* 34 Mich. 183; *Spicer v. Smith,* 23 Id. 96; and if plaintiff thought he was entitled to a more specific charge on this branch of the case, he should have requested it; citing *Rankin v. West,* 25 Mich. 196; *Driscoll v. People,* 47 Id. 414.

2. There can be no question but that the non-ownership of a note at the time of the commencement of suit is a full defense and can be shown under the general issue; citing *Reynolds v. Kent,* 38 Mich. 246; *Hovey v. Sebring,* 24 Id. 232; *Brigham v. Gurney,* 1 Id. 351; *Spicer v. Smith,* 23 Id. 96; and, if the testimony is conflicting as to such ownership, the question is for the jury; citing *Davy v. Kelley,* 66 Wis. 452.

MORSE, J. Plaintiff sued defendands in the circuit court for the county of Gratiot upon the following promissory note:

" 1,000. ITHACA, MICH., July 10, 1883.
" One year after date, for value received, I promise to pay to the order of R. A. Peet one thousand dollars, at the banking office of Steel, Turck & Co., Ithaca, Mich., with interest at 8 per cent.
" K. P. PEET.
." D. C. JOHNSON.
Indorsed on back: " R. A. PEET."

The defense on the trial of the case was substantially as follows: At the time the note in suit was made K. P. Peet was president, and Barnes the secretary and treasurer, of a mutual life insurance company, doing business at Ithaca, and known as " The Michigan State Mutual Relief Association." Peet wanted to borrow some money of Barnes, who said he had none of his own, but that he had some belonging to the company which Peet might have. The note in question was executed, and the money was drawn therefrom—from the company funds—and the note handed over to Barnes as secretary of the company; that the note was the property of the insurance company; that the old company was, after the note was given, merged in a new company, known as the " Peninsular State Mutual Benefit Association." Peet also claimed that he had paid the note, not by money, but in services for the company, for payment of which service Barnes said to him he should consider the note paid. The court, however, did not submit this defense to the jury. Barnes claimed the money was his own, and that the note had not been paid. Upon this issue the case went to the jury, who returned a verdict in favor of the defendants. The record, as presented to us, is very unsatisfactory, and the claims of both parties not made as clear by the testimony as it seems they ought have been. Several objections

were urged against the rulings of the court during the trial, and his charge to the jury.

It is assigned as error that the court improperly instructed the jury that there was but a single question in the case,—to wit, whether the note in question, at the commencement of the suit, belonged to the plaintiff or the insurance company,—without also instructing them in relation to the rules of law by which such ownership could be determined by them upon the evidence before them; and in also charging that, should they find that the note belonged to the insurance company at the commencement of suit, the defendants were entitled to a verdict, and that the burden of proof to show ownership was on the plaintiff.

The plaintiff's counsel, in this Court, do not point out the rules of law applicable to the facts in the case which they desire the court below to specify as governing such facts; nor was the trial court informed by the plaintiff's requests, or in any other way, of the instructions desired in this respect. It was a question of fact, it seems to me, to be determined by the jury, whether the money loaned to Peet, which formed the consideration of this note, belonged to plaintiff or the insurance company. If it belonged to plaintiff, that settled the question in his favor. If it belonged to the insurance company, and was so treated by the parties to the instrument, and Barnes had not acquired the title to the note after its inception, and before suit, he could not recover upon it. There was no testimony in the case tending to show that Barnes afterwards acquired any other or better title to the note than he had when he paid the money to Peet and received it. Therefore the only question to be determined was, to whom did the note belong when it was passed to Barnes, —to him or to the insurance company? And whoever owned it at that time owned it when the suit was com-

menced. I think a jury could determine this issue of fact without any special instructions from the court as to the law of ownership, or as to what facts would constitute an ownership either in Barnes or the insurance company.

The court correctly charged the jury that the burden of proof was upon the plaintiff. It is true the possession of the note, unexplained, was presumptive evidence of ownership, and sufficient; but when evidence was introduced tending to show that the note belonged to the insurance company, and it was conceded, as it must have been upon Barnes' own testimony, that he was secretary and treasurer of the insurance company, and the person in whose possession the note would lawfully and naturally be as the property of the insurance company, then there remained no presumption in plaintiff's favor on account of such possession, and the burden was upon him to show that he was the owner of the note. *Manistee Nat'l Bank v. Seymour*, 64 Mich. 59 (31 N. W. Rep. 140).

I find no evidence in the case, or any claim upon the part of the plaintiff, that he was an indorsee in the sense as indicated in the opinion of Mr. Justice CAMPBELL. K. P. Peet was the maker of this note. Johnson was an accommodation maker, and R. A. Peet was an accommodation indorser. The note was not taken by Barnes as indorsee in the usual course of business in the purchase of commercial paper. It was delivered to him at its inception, as security for the loan made by him. The question at issue was, did he make this loan for himself or for the insurance company, and did he take the note as his property or as the property of the company, of which he was an officer and agent? There was no obstacle in the way of this question being litigated in this suit any more than there would be in case a thief should attempt to sue the maker upon the note which he had stolen. Barnes was the first and only holder of this note,

and the question was, for whom did he hold it,—himself or the insurance company? This could be litigated in the present suit. *Hillman v. Schwenk*, 68 Mich. 293, 297, 301 (36 N. W. Rep. 77, 670, also 40 N. W. Rep. 924).

I am unable to find any errors in the proceedings in the court below. The judgment should be and is affirmed, with costs.

CHAMPLIN and LONG, JJ., concurred with MORSE, J.

SHERWOOD, C. J., *(dissenting)*. This is an action of *assumpsit* to recover the amount due upon a promissory note made by the defendants, and reading as follows:

"$1,000.                      ITHACA, MICH., July 10, 1883.

" One year after date, for value received, I promise to pay to the order of R. A. Peet one thousand dollars, at the banking office of Steel, Turck & Co., Ithaca, Mich., with interest at 8 per cent.

"K. P. PEET.
"D. C. JOHNSON."

Indorsed on back:
"R. A. PEET."

The declaration is upon the common counts, with notice that the note would be given in evidence under the same. Plea was the general issue.

The facts, as narrated in the brief of counsel for plaintiff, with a few exceptions, are substantially correct, and are sufficient for the review asked for in this Court. They are as follows:

" In April, 1882, the plaintiff in error and defendant Kosciusko P. Peet, with one or two others, organized under the laws of this State a co-operative or mutual life insurance company, doing business at Ithaca, Mich., under the name and style of 'The Michigan State Mutual Relief Association.'

" That Kosciusko P. Peet was its president, R. A. Peet its treasurer,' and said Theodore S. Barnes its secretary and general manager, having the custody and control of the funds of said company; and that said company ceased

to do business in October, 1883; that, as its general manager and secretary, the said plaintiff conducted the business of the company, established agencies, collected assessments, and paid out the same, including the expenses of the company, and had the control and management of said company, and all this with the consent and occasional assistance of defendant Kosciusko P. Peet, though said Peet gave but little, if any personal assistance, other than to sign policies and pay the expense of recording the articles of association at Lansing.

"That not only did plaintiff act as secretary and general manager, but that he also performed the duties of the treasurer of said company, with the knowledge and concurrence of said treasurer and the company; the said treasurer-elect, R. A. Peet, being unable to act at all times as such, by reason of his residing upon his farm in Lafayette township, some eight miles from Ithaca, and had never acted as treasurer. No question is made but that all the business of the company was faithfully and honestly conducted by the plaintiff in every particular; that nothing appears upon the record to the contrary.

"That some time in July, 1883, the defendants applied to the plaintiff for a loan of $1,000, to use in the building of a livery barn at Ithaca; that said amount was actually paid by the plaintiff to the defendants, and the note in question was executed by the defendants and delivered to the payee, R. A. Peet, and by him indorsed with his signature in blank, and delivered to the plaintiff, who has been the holder of the note ever since."

There is some evidence in the record tending to show that Mr. Barnes used the company's money, or some part of it, to make the loan; that he had not sufficient means of his own to make the loan; that he stated at the time that he was going to use the company's money. This, however, is all denied by plaintiff, and the evidence on his part tended to show that he did have means of his own, and sufficient to make the loan; that he used his own individual funds to make the same; that at all events, if he used any of the company's money, it was along with his own means, and his own means at least was used in part. The evidence also tended to show, and it was

undisputed, that the company did not and could not have had $1,000 at the date of the note. The record further shows that said company, soon after the date of the note, ceased to do business, and went out of existence; that in October, 1883, another association was organized, with the same officers of the former company, and known as the "Peninsular State Mutual Benefit Association," and being the same referred to above.

Under the issue as the cause was finally submitted to the jury under the charge of the court, but a single question was left for them to pass upon, which was, whether the insurance company or the plaintiff was the owner of the note when this suit was brought. The jury found for the defendants, and plaintiff appeals.

The first five assignments of error relate to the testimony offered tending to prove the ownership of the note, and we think none of the exceptions are well taken upon this subject. The court charged the jury, in substance, that if the jury found that, at the time of the commencement of the suit, the note in question belonged to the insurance company, plaintiff could not recover. We see no fault in this charge. It was not pretended upon the trial by the plaintiff that he held the note in any other capacity than owner, and as such owner he brought suit to recover the amount due thereon.

The court allowed five assignments of error to the charge, and in omitting to charge, to be filed in addition to those orignally made. They are as follows:

"1. The court erred in instructing the jury that there was but a single question in the case, viz: whether the note in question, at the commencement of suit, belonged to the plaintiff or to the insurance company. The court erred in instructing the jury that the only question for them was whether the plaintiff or the insurance company owned the note at the time of the commencement of suit, without also instructing them in relation to the

rules of law by which such ownership could be determined by them upon the evidence before them.

"2. The court erred in leaving the jury to pass upon the question of ownership of the note in question, unaided by any legal instructions by which such question could be properly determined.

"3. The court erred in instructing the jury that, in passing upon the question of the ownership of the note, the burden of proof was upon the plaintiff.

"4. The court erred in submitting to the jury the question of ownership at all, as upon the undisputed evidence the legal title to the note was shown to be in the plaintiff.

"5. The court erred in submitting to the jury the question of ownership at all, as the undisputed evidence showed the legal title of the note did not and could not have belonged to the insurance company at the commencement of suit."

The case is not changed by filing these additional assignments, and the parties cannot be prejudiced by them.

The two defenses set up under the theory of the defendants were—

1. That the note belonged to the insurance company, and therefore the plaintiff could not recover; and,—

2. That if the suit is well brought in the name of the plaintiff, no recovery can be had because the note has been paid in services, and which were accepted and acquiesced in as payment by the president of the insurance company and its secretary.

The court charged that there was not sufficient evidence of payment, and the case was submitted upon the question of ownership alone. The court held that it required some action to be taken upon the defendant Peet's account by the board of directors of the insurance company before the account could be regarded as settled and received as payment. In this we think the court was correct; but what is complained of most seriously by the plaintiff is that the court did not give the jury such instructions as to the ownership, and what was necessary

to establish it, or what they might take into consideration in passing upon the question, as the circumstances of the case required, and such as was essential to protect plaintiff's rights; that the court told the jury the plaintiff took upon himself the burden of proof in the case, and that he would have to establish his case by a preponderance of the evidence, without stating in what that evidence might consist. For instance, nowhere in the charge is anything said as to what were the legal presumptions arising from plaintiff's legal possession of the note, nor as to what would constitute *prima facie* evidence of ownership in the plaintiff of the note. We think that as much as this should have been done by the court in aiding the jury in the discharge of their duty under the issue; that so much, at least, was necessary for the court to have said to the jury in giving them the law applicable to the facts in the case as they appeared in the testimony; and its omission cannot be excused from the fact that plaintiff's counsel did not call special attention of the court to the subject at the time.

Counsel and parties have the right to rely upon the court for the discharge of such elementary duty in charging the jury, without any such special request; and when the court omits to do this, and a party's rights have been prejudiced by the omission, or it cannot be certainly determined that they have not been so prejudiced, it must be regarded as error; and we think that was precisely this case, and that the verdict must be set aside for that reason, and a new trial granted.

CAMPBELL, J. I concur in reversal, because I think that there is nothing to indicate that it was supposed any one but Barnes loaned the money on the note, and if it was delivered to him, as I think it clearly was, as indorsee, his liability to any one else for money due

could not change such person or corporation into a contracting party, or make any but himself the holder. The persons liable on the note could only be reached by any creditor of Barnes by garnishee process or some similar means. But such creditor, who never held the paper, and for whom there was no understanding it should be held, could not become in law entitled to be regarded as holder by any such legal fiction as was allowed in this case.