90  121
100  445·
90  121
146  ¹343

### HENRY J. HORRIGAN v. WILLIAM W. WYMAN.

*Bills and notes—Burden of proof—Question for jury.*

1. After proof by the maker that a promissory note sued upon by an alleged innocent holder was fraudulently obtained of the payee by a prior transferee, the burden of proof is upon the plaintiff to show that he is a *bona fide* holder for value.
2. Where the authority of the holder of a promissory note to bring suit thereon in his own name is shown by the uncontradicted evidence in the case, it is error to submit that question to the jury.

Error to Ionia. (Smith, J.)    Argued January 8, 1892. Decided February 5, 1892.

*Assumpsit.* Plaintiff brings error.    Reversed.    The facts are stated in the opinion.

*William O. Webster,* for appellant.

*McPeek & Clarke (Davis & Nichols,* of counsel), for defendant.

MONTGOMERY, J.   The plaintiff brought suit to recover upon a promissory note made December 3, 1886, by the

defendant to one William S. Moore, for the sum of $300, with interest at 7 per cent., and due October 15, 1888.

The defense made was that the note in question was obtained from Moore, the owner, by one Roberts, in some fraudulent or surreptitious manner, not very fully explained, in February or March, 1887; that shortly thereafter Moore gave notice to the defendant that the note had been obtained of him by fraud and duress, and without consideration, and that he (Moore) would hold defendant responsible for the amount of the note. Moore, it would appear, has undertaken the defense of the present case.

The plaintiff offered evidence tending to show that in March, 1887, Roberts transferred this note to one Rockwood as collateral security for the payment of a debt at the time incurred for personal property sold by him to Roberts, and also as security for previous indebtedness, and that one Warren C. Wood subsequently derived title from Rockwood, and that this suit was instituted in the name of the present plaintiff by the authority of and with the approval of Wood.

The defendant offered evidence tending to show that the note was obtained by Roberts from Moore without consideration and by fraud, and also tending to show that Rockwood was a party to or knew of the fraud practiced upon Moore by Roberts.

Three questions are raised upon the record, two of which relate to the charge of the court, and the third is directed to the admissibility of testimony offered for the purpose of showing mental incompetency of Moore at a date subsequent to the time when the note had passed into the hands of Roberts.

It is claimed that the court erred in instructing the jury that, if the defendant had shown that there was a fraud perpetrated upon Moore by Roberts, so that Roberts could not recover upon the note,—

"Then, to enable the plaintiff to recover, he must show that before the note came due it passed into the hands of some innocent holder for value; some one who did not have notice of the wrong if it existed."

As applied to a case in which the question arises between the holder of a promissory note and the maker, who alleges a fraud perpetrated upon him, the instruction is certainly in harmony with numerous decisions of this Court. *Paton v. Coit,* 5 Mich. 505; *Conley v. Winsor,* 41 Id. 253; *Carrier v. Cameron,* 31 Id. 373; *Manistee Nat'l Bank v. Seymour,* 64 Id. 59; *Mace v. Kennedy,* 68 Id. 389. And we think that the instruction is equally proper in the present case, where the question arises between the payee and the present holder. *Barnes v. Peet,* 77 Mich. 395; *Manistee Nat'l Bank v. Seymour,* 64 Id. 59; *Bank v. Barber,* 56 Iowa, 559; *Matthews v. Poythress,* 4 Ga. 287; *Garrard v. Railroad Co.,* 29 Penn. St. 154. In *Matthews v. Poythress,* 4 Ga. 287, it is said:

"If such security be proven to have been lost or stolen or in any other way appropriated in fraud of the rights of the owner, then such purchaser does not acquire a title to it until he proves that he took it *bona fide,* and for value.".

See, also, *Easter v. Allen,* 8 Allen, 7. There was no error in the instruction complained of.

We think, however, the court was in error in submitting to the jury the question whether Horrigan had authority to sue upon the note in question. The only evidence in the case upon the subject was that of Wood, the owner of the note, and Horrigan. Wood testified that he sent the note to Horrigan, and transferred it to him as agent, to authorize him to collect it; that Horrigan brought the action in his own name to collect the note with his (Wood's) approval and consent. Horrigan testifies that he was authorized to bring suit on it by Wood, through an attorney of Wood's; that he had no direct

communication with Wood. Of course, it was immaterial whether the authority given to Horrigan was direct or otherwise; and, as this testimony was not controverted, the question should not have been submitted to the jury. The instruction given was as follows:

"Now, if no authority from Wood for collection, then this plaintiff could not bring suit; if authority, then there is no trouble upon this point."

And again:

"Now, then, gentlemen, you see the first question comes, has Horrigan the authority to collect? If he has, then he can bring this suit; if he has not, then he cannot."

It is apparent that this error was material, for, after the jury had retired, they came into court, and stated that there was a misunderstanding in regard to the charge as to Mr. Horrigan having a right to bring suit. The court again stated:

"If Mr. Horrigan had this note to collect, and had authority from the holder, he would have a right to bring suit in his own name."

A juror then asked:

"Now, in regard to this question, if we have got to agree on this request?"

The court replied:

"Well, I don't know as you have got to; that is for the jury to say. But the question is submitted to you to answer. You are to agree on it if you can."

It is impossible for us to say that these instructions, even when accompanied with the statement, subsequently made, "that, if Horrigan had got this note, and brought suit on it, and Wood was informed about it, and was satisfied about it, it would amount to the same thing as if given authority to collect," did not mislead the jury; and, the point not being in controversy upon the testi-

mony, it was error to submit the question to the jury. *Lange v. Perley,* 47 Mich. 352; *Corbett v. Spencer,* 63 Id. 731; *Gavigan v. Evans,* 45 Id. 597; *Hunt v. Order of Chosen Friends,* 64 Id. 671.   From the fact that the jury was unable to answer the special question, viz.: "Was this note delivered by Roberts to Rockwood, on or about March 8, 1887, to secure Rockwood for property sold by him to Roberts, and for notes signed by Rockwood for Roberts, to Mr. Wood?"—it is plainly inferable that the case turned on the question of Horrigan's right to sue.

There are no other questions which we think likely to arise on a new trial.

The judgment will be reversed, with costs, and a new trial ordered.

The other Justices concurred.