DUNN v. NATIONAL BANK OF CANTON (KELLER, Intervener.)

1. The justification of the sureties on an undertaking on appeal will be deemed sufficient, where, on being excepted to, they appeared before a justice of the peace in pursuance of notice to respondent, and filed a new undertaking, which was approved by such justice.

2. Under Comp. Laws, § 4886, authorizing the intervention of any person interested in the matter in litigation adversely to either party or to

both, the payee named in a certificate of deposit, who claimed to be the owner thereof, was entitled to intervene in an action thereon by the holder, who was alleged to have obtained it through fraud.

3. The evidence may be reviewed on appeal, without a motion for a new trial, for the purpose of determining alleged error in directing a verdict.

4. Where it appeared, in an action on a certificate of deposit, that such certificate had been transferred to plaintiff by one who had obtained it from the original owner through fraud, plaintiff became charged with the burden of proving both his good faith and the fact that he paid a valuable consideration therefor.

5. In an action on a certificate of deposit by one claiming as indorsee, defendant and the payee, who intervened, both claimed that the latter was the owner thereof, and that it had been obtained from him through fraud. It appeared from the evidence that the certificate in question was taken from intervener, in a gambling house, by certain persons, under pretense that he had lost it in a game, and transferred by the proprietor of such house to plaintiff, who was a pawnbroker, doing business in the same block, and who paid but a small sum thereon at the time, and afterwards went on the appearance bond of such gambler, when arrested, on complaint of intervener, for fraud. It also appeared that plaintiff was well acquainted with such gambler, and knew in what business he was engaged, and that, though intervener was present when such certificate was transferred to him, he made no inquiry of him in regard thereto. *Held* that, under such circumstances, the question whether plaintiff had shown his good faith, and that he had paid value for such certificate, was a question of fact for the jury.

Opinion filed November 18 1898.

Appeal from circuit court, Lincoln county. Hon. JOSEPH W. JONES, Judge.

Action by Frank Dunn against the National Bank of Canton, to recover upon a certificate of deposit, in which J. A. Keller intervened. From a judgment on a verdict directed in favor of plaintiff, and from an order denying a new trial, defendant and intervener appeal. Reversed,

The facts are stated in the opinion.

*C. B. Kennedy*, for appellants.

*M. E. Rudolph*, for respondent.

CORSON, P. J.    This is an action upon a certificate of deposit, which is in words and figures as follows: "National Bank of Canton.    $695.    Canton, South Dakota, Mar. 8, 1895. J. A. Keller has deposited in this bank six hundred ninety-five and no-100 dollars, payable to the order of himself on the return of this certificate properly indorsed; interest at 7 per cent. per annum, if left 12 months.    No interest after 12 months.    F. H. Bacon, Pt. No. 1,384.    Not subject to check." The plaintiff claimed as indorsee of the said certificate.    The defendant, in its answer, set up that one J. A. Keller was the real owner of the certificate of deposit, and that it was obtained from him by one Plummer and associates by means of fraud.    The said J. A. Keller intervened, and also set up in his answer that the said certificate was obtained from him by means of fraud on the part of the plaintiff and the said William M. Plummer and associates.    On the trial the court directed a verdict in favor of the plaintiff, and from the judgment and order denying a new trial both the defendant and the intervener appealed to this court.

The principal question to be considered is, was the court justified under the evidence, in directing a verdict for the plaintiff?    There is, however. a preliminary question arising upon a motion to dismiss the appeal on the ground that the same had not been properly perfected.    The defendant and intervener on the 9th of February, 1898, served a notice of appeal, and undertaking on appeal, and caused the same to be properly filed.    On the 17th of the same month the defendant

and intervener served another notice of appeal, and made a deposit with the clerk of the court as provided by the statute, and served notice of such deposit upon plaintiff's attorney. On the 18th of the same month the plaintiff's attorney served notice upon the attorney for the defendant and intervener that plaintiff excepted to the sureties on the undertaking filed on February 9th. On the same day the defendant and intervener served notice that the sureties would justify, before a justice of the peace named, on the 25th day of February, 1898. On the first day of March, the justice approved the undertaking, but it does not appear from the abstract and additional abstract whether or not the plaintiff or his attorney was present on February 25th or March 1st. The notice of appeal and undertaking having been properly served on February 9th, the notice of appeal and making of the deposit on February 17th were nugatory and of no effect. This last mentioned notice may therefore be eliminated from the case. The sureties having been excepted to, and a new undertaking filed, and approved by the justice, we must presume that the proper steps were taken, and that the statute was complied with. The motion to dismiss the appeal is therefore denied.

One other preliminary question is involved in the case, and that is the right of Keller, who claimed to be the owner of the certificate of deposit, to intervene in this action. It seems to us that it clearly comes within the provisions of the statute authorizing a party to intervene (Comp. Laws, § 4886). Stilch v. Dickinson, 28 Cal. 60b; Taylor v. Bank, 9 S. D. 572, 70 N. W. 834; Coffey v. Greenfield, 55 Cal. 382.

Respondent also contends that, as the order denying the motion for a new trial was not properly entered before the ap-

peal was taken, the evidence cannot be reviewed by this court. The motion to direct a verdict presents a question of law, that may be reviewed without a motion for a new trial, and hence the evidence may be reviewed in this case for the purpose of determining whether or not the court was right in directing a verdict.

This brings us to the consideration of the main question involved in this action. It appears clearly from the evidence that Keller, the payee in the certificate of deposit, had the same in his possession in the city of Houston, in the state of Texas, in December, 1895; that he was induced by certain parties to visit a gambling house apparently presided over by the indorser, Wm. M. Plummer; that while in said gambling house he was induced to engage in a game, and the certificate of deposit was obtained from him by said Plummer, and parties connected with him in the establishment under the pretense that he (Keller) had lost the same at the game. Keller was then induced by Plummer to go to the place kept by the plaintiff, Dunn, which seems to have been a sort of small banking establishment, and a place where money was loaned on personal properties, in the same block in which Plummer had his gambling place. There the certificate was transferred to Dunn, and a small amount of money, not exceeding $50, appears to have been paid to Plummer in cash, and credit given to him for the balance of the certificate. Some two days after Keller made complaint to the police of the city of Houston, and Plummer was arrested on the charge of obtaining this certificate from Keller by fraud. Upon Plummer's being arrested, the plaintiff went upon his bond as security for his appearance at the court to answer the charge made. What resulted from the charge does not clearly appear

from the record in this case.   Upon these facts the appellants contend that the case should have been submitted to the jury upon the question of whether or not the certificate was obtained by the plaintiff in good faith and for a valuable consideration. The appellants further contend that the certificate of deposit is not a negotiable instrument, and consequently was subject to any defense in the hands of the plaintiff that it would have been subject to in the hands of Plummer.   In the view we take of the case, it is not necessary to determine this question at this time.   It conclusively appears from the evidence that the certificate was fraudulently obtained from Keller by Plummer and his associates, without paying any consideration therefor; and we are satisfied that the circumstances under which the certificate of deposit was taken by the plaintiff were such as to entitle the defendant to have the question submitted to the jury of his good faith in the purchase of the certificate from Plummer. It appears that plaintiff had been aquainted with Plummer for a number of years, knew the business he was engaged in, and, although Keller was in plaintiff's office at the time the certificate was transferred to him, he made no inquiry of Keller in regard to the certificate.   It seems to be pretty well settled by the authorities that if a security has been stolen, lost, or in any other way appropriated contrary to the rights of the owner, then such person does not acquire title to it until he proves that he took it *bona fide* for value.   Matthews v. Poythress, 4 Ga. 289; Barnes v. Peet, 77 Mich. 395, 43 N. W. 1025; Bank v. Seymour, 64 Mich. 69, 31 N. W. 140; Bank v. Barber, 56 Iowa, 559, 9 N. W. 890; Garrard v. Railroad Co., 29 Pa. St. 155; Horrigan v. Wyman (Mich.) 51 N. W. 187; 2 Daniel, Neg. Inst. p. 412.  This court substantially affirmed this view in Landauer v.

Improv. Co. 10 S. D. 205 72 N. W. 467. And this was the view taken in the recent case of Harrington v. Mining Co. (Mont.) 48 Pac. 758. The burden therefore being upon the plaintiff to establish both his good faith and that he paid a valuable consideration for the certificate, it became a question of fact for the jury to say whether, upon the proof offered, he had shown his good faith and paid value for the certificate. It was the duty therefore of the court to have submitted this question, under proper instructions, to the jury; and, failing to do so, he committed error, for which the judgment appealed from must be reversed. The judgment of the court below is reversed, and a new trial granted.