DAVIS, Respondent, v. DAVIS et al., Appellants.

(154 N. W. 799.)

(File No. 3721.   Opinion filed November 19, 1915.)

1.  Appeals—Errors—Assignment of Error—Reference to Brief, Necessity of—Unavailing Reference to Record.

   Assignments of error merely referring to specifications of error in settled record, without referring to brief or statement to show where questions, objections, and rulings assigned as error are to be found, are insufficient to warrant review of alleged errors.

2.  Errors—Rulings on Evidence—Striking Irresponsive Evidence—Failure to Further Interrogate, Effect.

   Where exceptions to rulings on evidence related to evidence stricken out only because not responsive, and counsel failed to ask a question to which the answer, if material, would have been responsive, such rulings are not prejudicial and reversible error.

3.  Appeals—Trial—Unchallenged Instructions—Law of Case—Conflicting Evidence, Conclusiveness of Verdict—Review.

   Instructions not excepted to become the law of the case on appeal; therefore, the evidence being directly conflicting, the verdict of the jury rendered on instructions not excepted to is conclusive; and insufficiency of evidence will not be considered.

4.  Appeals—Incomplete Record of Evidence—Unavailing Exceptions.

   Where printed record does not allege that it contains all the material evidence, the question of insufficiency of evidence cannot be considered.

Appeal from Circuit Court, Tripp County.   Hon. WILLIAM WILLIAMSON, Judge.

Action by John Davis against John W. Davis and others, to recover the value of plaintiff's personal property sold, the proceeds of which were held by defendant bank.   From a judgment for plaintiff, and from an order denying a new trial, defendant, Dallas State Bank, appeals.   Affirmed.

*N. D. Burch,* for Appellant.

*W. J. Hooper,* for Respondent.

(1) To point one of the opinion, Respondent cited:   Hepburn v. Wheatley, (S. D.) 144 N. W. 923.

(3) To point three of the opinion, Respondent cited:   Barcus v. Prokob, 29 S. D. 39.

SMITH, J.   The record on appeal discloses the following facts:   Davis & Edelstein were in partnership, operating a farm upon which was personal property owned by each individually,

and other personal property belonging to the firm. They determined to sell such property at public auction, employed an auctioneer, and arranged with the defendant bank to furnish a clerk for the sale, the bank to receive 2 per cent. commission on the sale in payment for the services of the clerk. The plaintiff, who is a son of one of the partners, took certain of his own personal property to the sale and had it sold by the auctioneer, without notifying either the clerk or auctioneer that it was his property, and the clerk entered such property in the sales-book, the same as the other property sold, understanding and believing that it was the property of either the partnership or one of the partners. It is conceded that the bank received the proceeds of all the property, and turned the proceeds of plaintiff's property over to the father, J. W. Davis. It is plaintiff's contention that prior to the bank's settlement with his father he notified the bank that certain of the property belonged to him, and demanded that the proceeds thereof be paid to himself. It is the contention of the defendant bank that it had no notice or knowledge that any of said property belonging to the plaintiff at the time the proceeds were turned over to plaintiff's father, and had no knowledge of any claim of plaintiff to any of the property or the proceeds thereof, and that plaintiff never made any claim therefor, or gave any notice to the defendant of any such claim, until after the defendant had made full settlement with the father, and that by reason of such facts plaintiff is estopped from asserting any claim against the defendant.

At the trial plaintiff and his mother and father gave testimony tending to prove that the defendant bank was notified of plaintiff's claim to the proceeds of his property prior to the settlement with Edelstein and Davis. On the other hand, defendant's witnesses, who were clerks and officers of the bank, gave testimony to the effect that the alleged claim of plaintiff was made some days after the settlement with, and payment to, the plaintiff's father. The evidence of these witnesses was in direct conflict as to the time when plaintiff gave such notice and made such claim.

The trial court instructed the jury:

"If the bank had no notice or knowledge that the son claimed any of the proceeds of the sale, and particularly the proceeds from

the property in question, then the bank cannot be held liable, if it in good faith paid out the moneys to the father, in the belief that he was the owner of the property just referred to. On the other hand, if you find that the defendant bank had notice or knowledge that the plaintiff owned the [property in question], and claimed the proceeds from the sale of them at or before the time payment was made to the father, then the bank is liable for the full amount claimed, less *   *   * the son's share of the expenses of the sale."

Under the evidence and the instructions of the court, the jury returned a verdict for plaintiff. Defendant appeals from the judgment and order overruling motion for a new trial. Appellant assigns as error certain rulings of the trial court upon matters of evidence. Upon these rulings the assignments of error are wholly insufficient to warrant a review of the alleged errors.

[1, 2] The assignments in the record merely refer to the specifications of error in the settled record, which is not before us, but do not refer to the printed brief or statement, to show where the questions, objections, and rulings assigned as error are to be found. In fact, a somewhat careful examination of the printed statement discloses but two exceptions to rulings on matters of evidence, and in each instance the answer of a witness was stricken out only because not responsive to the question, and plaintiff's counsel failed to ask any question to which the answer, if material, would have been responsive. These rulings, if properly assigned, would not constitute prejudicial and reversible error.

[3-5] The assignment of insufficiency of the evidence cannot be considered, for two reasons: First, the court fully instructed the jury upon the only material issue of fact, namely, whether the defendant had notice of plaintiff's claim to the property prior to the settlement with plaintiff's father. This instruction was not excepted to, and thus became the law of the case. Upon that issue, the evidence of plaintiff and defendant, which is in the record before us, was in direct conflict, and the verdict of the jury became final and conclusive. Second, because it is nowhere alleged in the printed record that it contains all of the material evidence received at the trial. Both of these questions have been so many times decided by this court and are so well settled that a discussion or a citation of authorities seems unnecessary.

The order and judgment of the trial court are affirmed.
McCOY, P. J., concurs in result.