THEO. HAMM BREWING COMPANY, Respondent, v. HUBER et al (JELI, Appellant).

(169 N. W. 551).

(File No. 4347. Opinion filed Nov. 29, 1918).

**(1).  Appeals—Error—Sufficiency of Evidence—Material Evidence Wanting, Effect.**

If appellants' brief fails to contain "a statement of all the material evidence received upon the trial" as required by Rule 6 of Supreme Court, and Laws 1913, Ch. 172, only such assignments as question correctness of trial court's rulings on admission of evidence will be considered.

**(2).  Evidence—Suit on Partnership Note—Former Partner's Request for Release, Conversation Re, Between Holder and Requested Agent, Competency.**

Where, in a suit upon a partnership note, defendant, whose co-maker had purchased his interest in the partnership and assumed its obligations, defended on ground of release, held, that testimony of the owner's agent, as to what was said by

its officers when the agent presented said defendant's request
to be released, was competent; since the agent, in communicat-
ing defendant's request, was acting for him and not for the
company.

(3).    Evidence—Defense to Partnership Note—Succeeding Partner's
        Assumption Of—Co-partner's Defense of Suretyship—Foreclo-
        sure of Collateral Security, Relevency, Absence of Evidence of
        Suretyship.

    In a suit against an ex-partner on a partnership note which
    had been assumed by the other co-partner, held, that trial
    court properly refused to allow defendant, who claimed to have
    been released so that he was but a surety thereon, to cross-
    examine plaintiff's agent as to whether collateral security on
    the note had been foreclosed; since no facts showing such re-
    lease and assumption of note by the co-partner had been shown.

Appeal from Circuit Court, Potter County. Hon. Joseph
Bottum, Judge.

Action by Theo. Hamm Brewing Company, a corporation,
against John C. Huber and others, to recover upon a promissory
note. From a judgment for plaintiff, and from an order denying
a new trial, defendant, Jeli, appeals. Affirmed.

*Jean F. Sargent,* for Appellant.

*Clay Carpenter,* for Respondent.

WHITING, P. J.  Action to recover amount due on promis-
sory notes executed by all defendants. Trial to court without jury.
Findings, conclusions, and judgment for plaintiff. From the
judgment and an order refusing a new trial, the defendant Jeli
appealed.

[1] Appellant does not question the sufficiency of the findings
to support the judgment. He does question the sufficiency of the
evidence to support certain of the findings, but he has not made it
to affirmatively appear that the statement in his brief "contains a
statement of all the material evidence received upon the trial," as
required by rule 6 (140 N. W. viii) of this court and by chapter
172, Laws 1913. There is therefore left for our consideration only
such assignments as question the correctness of the trial court's
rulings on admission of evidence. Hepner v. Wheatley, 33 S. D.
34, 144 N. W. 923; Denton v. Butler, 37 S. D. 444, 158 N. W.
1017.

[2] Appellant and defendant John C. Huber were partners,
and the notes in question were given in consideration of money

loaned the partnership. After the notes were given Huber bought out appellant's interest in, and assumed the obligations of, the partnership. Appellant introduced evidence tending to prove that, at his request, an agent of plaintiff undertook to induce plaintiff to release appellant from further liability on the note. In rebuttal the court received the testimony of this agent as well as that of a managing officer of plaintiff as to what was said by the officers of the company when the agent presented appellant's request to be released. It is the admission of this conversation between plaintiff's officers and their agent that appellant assigns as error. The evidence was clearly competent. This agent, in communicating appellant's request to plaintiff, was acting for appellant, and not for the company.

[3] The partnership secured the notes by chattel mortgage. Plaintiff called its agent to prove the execution of the notes and the consideration therefor as well as the amount that had been paid thereon. Appellant then asked this witness whether there had been anything done toward foreclosure or collection of the chattel mortgage that had been given to secure the notes, and whether plaintiff still held the mortgage. These questions were objected to and objections sustained. One of the appellant's defenses seemed to be that, by Huber's assumption of the indebtedness evidenced by the notes and plaintiff's knowledge of such assumption, even though plaintiff did not release appellant, appellant became, as to these notes, but a surety; and that, if plaintiff negligently allowed the security to become wasted, appellant would be released at least to the extent of the value of wasted security. It is upon this legal contention that appellant bases his claim of error in the court's ruling excluding the answers sought. The rulings were correct. Even though appellant is right in the contention that, under the facts, he became a mere surety, it is enough to note that none of such facts had then been disclosed by the evidence.

The judgment and order appealed from are affirmed.