HANSON, Respondent, v. LAMBERT, Sheriff, Appellant.

(219 N. W. 892.)

(File No. 5913.   Opinion filed June 16, 1928.)

*J. F. Callahan*, of Ft. Pierre, for Appellant.

*F. W. Lambert*, of Ft. Pierre, for Respondent.

MORIARTY, C. This action was brought by the respondent, Grace Hanson, against the sheriff of Stanley county to enjoin him from making execution sale of certain personal property of the plaintiff, and to require him to return said property to her.

In her complaint the plaintiff alleged that the defendant sheriff, on or about the 30th day of June, 1923, levied upon the property in controversy, and has the said property in his possession, and, unless restrained, will proceed to sell it under a writ of execution under which the levy was made.

She further alleges that the property was duly claimed by her as exempt in a notice which she served on the defendant on July 9, 1923, and that defendant has refused to surrender the property upon said claim.

The defendant in his answer admits that he levied upon the property on June 30, 1923; that the notice of claim of exemption was served upon him on July 9; and that he refused to surrender the property upon said claim. But he contends that the notice of claim was not served upon him within the time provided by law, and that he is legally entitled to hold the property and to sell it under his execution levy.

The evidence was presented to a jury, but, at the close of the evidence, each of the parties moved for the direction of a verdict. The trial court denied defendant's motion, and granted that of the plaintiff, directing a verdict in her favor. Upon this verdict, judgment for the plaintiff was entered. There was no motion for a new trial; therefore the appeal of the defendant must be considered as an appeal from the judgment alone.

Respondent's counsel contends that, in the absence of a motion for a new trial, this court cannot consider the sufficiency of the evidence, and he cites Westphal v. Nelson, 25 S. D. 100, 125 N. W. 640, as sustaining that contention. That decision does not so hold. It has been held by this court that, where a motion for a directed verdict has been presented to the trial court, this court

will examine the evidence to determine whether the trial court erred in its ruling on such motion.

In Dunn v. National Bank of Canton, 11 S. D. 305, 77 N. W. 111, this court said:

"The motion to direct a verdict presents a question of law that may be reviewed without a motion for a new trial, and hence the evidence may be reviewed in this case for the purpose of determining whether or not the court was right in directing a verdict."

And in Warwick v. Bliss, 45 S. D. 388, 187 N. W. 715, this court applied the same rule to the refusal to direct a verdict. See, also, Grasinger v. Lucas, 24 S. D. 42, 123 N. W. 77, and Lyle v. Barnes, 30 S. D. 647, 139 N. W. 338.

But in the instant appeal the appellant's brief fails to state that said brief contains a statement of all the material evidence received upon the trial. This statement is required by rule 4 of the rules of this court, and, unless it is contained in the appellant's brief, this court cannot consider the question of the sufficiency of the evidence.

Rules 4 and 5 of Rules of this court; section 3149, Revised Code of 1919; Hepner v. Wheatley, 33 S. D. 34, 144 N. W. 923; Smith et al v. Pence & Pier, 33 S. D. 516, 146 N. W. 709; Denton v. Butler, 37 S. D. 444, 158 N. W. 1017; Gilfillan v. Schaller, 32 S. D. 638, 144 N. W. 133; Peterson v. Miller, 33 S. D. 397, 146 N. W. 585; Davis v. Davis, 36 S. D. 336, 154 N. W. 799; Hamm Brewing Co. v. Huber, 41 S. D. 154, 169 N. W. 551; McWaid v. Darnell, 41 S. D. 69, 168 N. W. 759.

This court cannot pass upon the question whether the trial court erred in directing a verdict in this case, unless we have before us all the material evidence received upon the trial. Respondent's brief called attention to the fact that the appellant's brief failed to contain the statement required by the statute and by the rules of this court, but no attempt was made to cure the defect. Under such conditions the appeal presents no question for our consideration.

It is true that appellant's brief sets out certain statements made by the trial judge in his directions to the jury, and appellant's counsel contends that such statements are erroneous. The trial court was not required to make any explanation of his reasons for directing a verdict. Unless it was error to direct a ver-

dict, the judgment appealed from cannot be reversed. Whether the trial judge gave good reason for his action is immaterial.

The judgment appealed from is affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, and BROWN, JJ., concur.

CAMPBELL, J., concurs in result.