## TAYLOR v. WHITE RIVER VALLEY RY. CO.

The Supreme Court will not annul a verdict where the trial court would not have been justified in directing a different verdict.

A contract reciting that, as part consideration for conveyance of a railway right of way, the company will so maintain the vendor's irrigation ditches crossed by it as not to interfere with the irrigation binds the company to establish an adequate system of ditches so

as not to interfere withe the proper irrigation of the vendor's land,
and, when such system is established, it must maintain the same on
its right of way so that the irrigation water may at all proper times
pass freely across it.

(Opinion filed, April 2, 1912.)

On rehearing.   Overruled.

For former opinion, see 27 S. D. 528, 132 N. W. 152.

*Wm. G. Porter, Ed L. Grantham,* and *Chas. W. Brown,* for
appellant.   *Buell & Gardner* and *Chauncey L. Wood,* for re-
spondent.

WHITING, J.   This cause is before the court upon a re-
hearing granted upon the petition of appellant.   The decision of
the court upon the first hearing will be found reported in 27 S. D.
528, 132 N. W. 152, and reference is made thereto for a state-
ment of the nature of the case.

The only question before us upon this rehearing is whether
or not appellant failed to comply with the conditions of the con-
tract known as "Exhibit C," under which it agreed to "so main-
tain his [respondent's] ditches across said right of way as not to
interfere with the proper irrigation of the property."   The evi-
dence upon this point is far from satisfactory, and, if the verdict
of the jury had been in favor of appellant, we certainly should
not have disturbed it.   While we think the location of the new
ditches and of the culverts established by appellant was clearly
such as to comply with the terms of such contract, yet there is
some evidence supporting the claims: (1) That that part of the
new ditch spoken of by some of the witnesses as the "borrow
ditch" was unfit for irrigation purposes owing to its width, and
the resulting loss of water flowing through same.   (2) That at
least one of the culverts was not at the proper level and was not
properly connected with the ditch at either end.   (3) That the
new ditch below Swinehart Draw and south of the right of way
was not of proper dimensions and on proper grade.

[1] It is not within the proper exercise of the powers of this
court to annul the verdict of the jury where the trial court would
not have been justified in directing a different verdict, and it
would not have been so justified in this case.

[2]  Though not necessary for the determination of this appeal, but in order that there need be no misunderstanding of the rights of the parties- hereto, we feel justified in noticing another contention of respondent, as such contention appears from his evidence.  He seems to be of the opinion that it is the duty of appellant to maintain and keep in proper condition for the carrying of irrigation water all of the new ditches established by appellant.  In this he is in error; it was appellant's duty to establish a proper and adequate system of ditches so "as not to interfere with the proper irrigation of the property."  When such was established, its only remaining duty was to maintain the ditches and culverts upon the right of way so that the irrigation water could at all proper times pass freely across such right of way from one part of the irrigation system to another.

The judgment of the trial court, as well as the former decision of this court, are affirmed.

McCOY, P. J., and SMITH, J., dissent.