LYLE, Respondent, v. BARNES, Appellant.

(139 N. W. 338.)

1. **Appeal—Scope of Review—Appeal from Judgment—Subsequent Order Unappealed From.**

An appeal from a judgment alone does not bring up for review an order denying a motion for new trial, made after judgment, and the decision of trial court upon question of sufficiency of evidence to justify verdict will not be considered on such appeal.

2. **Appeal—Review as to Directing Verdict—Appeal from Judgment Alone—Bill of Exceptions.**

This Court, on appeal from a judgment alone, will, however, review the evidence to determine whether trial court erred in refusing to direct verdict for defendant at close of plaintiff's evidence and renewed at close of all evidence, notwithstanding no motion for new trial was made and no appeal taken from order denying new trial, where the evidence was settled in bill of exceptions or transcript pursuant to Chap. 15, Laws 1911.

3. **Replevin—Possession—Demand by Defendant—Sufficiency of Evidence.**

Plaintiff's infant son, in possession of his father's cattle, negotiated a trade of them with defendant and left them with him, on learning of which plaintiff notified defendant that he disapproved of the trade and demanded a return of the cattle to plaintiff's farm or delivery of them in a pasture to which the

son was taking them at the time, making no other demand for possession, defendant having turned the cattle out on the prairie. The sheriff who took the cattle in claim and delivery found them at large on a neighboring farm. **Held,** no proper demand authorizing claim and delivery against defendant was made. **Held,** further, that defendant was not in either actual or constructive possession of cattle when suit was brought.

.CORSON, J., dissenting.

HANEY, J., not sitting.

(Opinion filed January 6, 1913.)

Appeal from Circuit Court, McPherson County. Hon. JOSEPH H. BOTTUM, Judge.

Action by W. H. Lyle against Samuel Barnes, in claim and delivery for cattle. From a judgment for plaintiff, defendant appeals. Reversed.

*E. C. Sigler,* and *Campbell & Walton,* for Appellant.

Defendant was not in possession of the property in dispute, either actually or constructively, at the time this suit was commenced, on May 13, 1911, and had not been for at least two days prior to that time.

It is further clear that plaintiff knew at the time he commenced the suit that the property involved was not in defendant's possession or under his control.

It is clear also that there was no demand for possession of the property by plaintiff or refusal by defendant before the commencement of the action, the evidence showing clearly that what the plaintiff demanded was that the defendant take the cattle and put them in the pasture of one Hall. This defendant declined to do, and this he was under no legal obligations to do.

There was therefore no demand and refusal before the commencement of this action such as is necessary to maintain it where the answer, as in this case, disclaims ownership or right to the property.

"The general rule is well established that in order to maintain replevin it is essential that defendant should have either actual or constructive possession of the property sued for at the time suit was commenced, so that he may make delivery thereof to plaintiff if judgment be rendered against him." 34 Cyc. p. 1396; Willis v. DeWitt, 3 S. D. 281; Freder v. Abrahams, 28 Mo. App. 454; Cobbey on Replevin, Secs. 64-64; McCormick

Harv. Mach. Co. v. Woulph, 11 S. D. 252; Am. & Eng. Ency. of Law (2d Ed.), p. 495, Vol. 24; Gardner v. Brown, (Nev.) 37 Pac. 240; Heiderman-Benoist Co. v. Schott, (Neb.) 80 N. W. 47; Eales v. Frances, (Mich.) 73 N. W. 894; Hall v. City of Kalamazoo, (Mich.) 91 N. W. 615; Kierbow v. Young, 20 S. D. 414; Longerbeam v. Houston, 20 S. D. 254; Richardson v. Reid, (Mass.) 64 Am. Dec. 77; Davis et al. v. Van De Mark et al., (Kan.) 25 Pac. 589; De Priest v. McKinstry, (Neb.) 56 N. W. 806; Robb et al. vs. Dobrinski, (Okla.) 78 Pac. 101.

It cannot be contended that the defendant in this case had constructive possession of the personal property at the time the suit was begun. We assume that constructive possession means in effect that where the physical custody of the property is in one, yet the control and supervision is in another, the latter may be said to have constructive possession, and the action may be maintained against him. The undisputed evidence is that on May 11, 1911, two days before the suit was begun, defendant in response to plaintiff's demand, turned the cattle out of his pasture on the prairie, and there is not the slighest claim that he ever afterward exercised or sought to exercise any control or authority over them, or that he ever say them or paid any attention to them afterward.

Moreover, it appears from the plaintiff's own testimony that he knew of this fact, because he testifies that prior to the day on which this action was commenced he saw them on the prairie far distant from defendant's place, loose and unattended.

We admit that an exception to the foregoing rule exists in cases where a defendant has concealed, removed or disposed of the property for the purpose of avoiding the writ. We assume that it is unnecessary in this brief for us to further call attention to the fact that there is no evidence indicating in the slightest measure that defendant either concealed, removed or disposed of the property for the purpose of avoiding the writ.

The defendant's possession of the property in dispute was the possession of an innocent party. He took it from plaintiff's son, who claimed to have authority to deliver them in exchange for a horse owned by defendant. He took the precaution to delay the consummation of the exchange until such period as would give plaintiff an opportunity to disaffirm the exchange should he

elect so to do. The complaint alleges a demand and refusal. The answer disclaims ownership by the defendant, and denies that he ever refused to deliver the property to plaintiff.

Under these circumstances we believe the action cannot be maintained without proof of a previous demand and refusal.

It is clear here that defendant's detention of the property was not tortious or wrongful in the beginning, and could not be made so until there was a demand and refusal to surrender same. Guthrie v. Olson, (Minn.) 46 N. W. 853; 34 Cyc. 1404; Jordon v. Johnson, (Kan.) 42 Pac. 415; Burke v. Maguire, (Col.) 98 Pac. 21; Becker v. Vandercook, (Mich.) 19 N. W. 771; 24 Am. & Eng. Ency. of Law (2d Ed.), p. 507; Olson v. Ausdal, 13 S. D. 26; Stratton v. Chase, 7 Minn. 502; Wells on Replevin, Sec. 344; Wood v. Cohen, 6 Ind. 455; Roach v. Binder, 1 Colo. 322; Kellog v. Olson, (Minn.) 24 N. W. 364.

A. L. Bartlett, and James M. Brown, for Respondent.

Upon the record in this case none of the matters urged by the appellant are properly here for review. As an examination of the transcript of record in this case will show that the judgment appealed from was rendered and entered January 5, 1912, and the order denying the defendant's motion for a new trial was made and entered April 5, 1912, and the appeal in this case, having been taken from the judgment alone, and the order denying the motion for a new trial having been made after the entry of judg- ment herein, and it not having been appealed from, the decision of the court below upon the question of the sufficiency of the evidence to justify the verdict will be res adjudicata, as an appeal from the judgment alone does not bring up for review such order, when made after judgment, and as there are no assignments of error save and except those relating to the sufficiency of the evidence to support the verdict, there is nothing before this court on this appeal. Gade v. Collins et al., 8 S. D. 322; Subera v. Jones, 108 N. W. 26; Stevens v. Faus, 106 N. W. 56 Bourne v. Johnson et al., 10 S. D. 36; Parrish v. Mahaney, 10 S. D. 276; Barcus v. Prokop, 135 N. W. 756.

The appellant, in his argument here, discusses only two of the alleged assignments of error, both of which relate to the sufficiency of the evidence to justify the verdict, and they are based on the following propositions: First, as to whether or not

the property was in the possession of the defendant at the time the suit was commenced; and second, as to whether or not a proper demand had been made by the plaintiff for the property, and that there had been a refusal on the part of the defendant to deliver the same upon such demand. Both of these propositions were fully covered by the charge of the court to the jury, and no exceptions were, in any wise, taken to any of the instructions in this case, and they are, so far as the appellant is concerned, the law of this case. And this court must presume that the evidence was sufficient to justify the verdict. Barcus v. Prokop, 135 N. W. 756; Lallier v. Elevator Co., 127 N. W. 558.

The evidence is undisputed that the plaintiff was the owner of the cattle, and that he sent the cattle, together with some eighteen other head, to Mr. Hall's pasture for pasturage during the summer season of 1911; that the cattle were sent by plaintiff's son and that, in taking them to the pasture, they passed the defendant's farm (Transcript page 6), which was about three and one-half or four miles from plaintiff's place (Transcript page 22); that when the plaintiff's boy got to Barnes' place with the cattle he attempted to trade with the defendant the three heifers, for the recovery of which this action was brought, for a pony, and that the three head of heifers were left with the defendant, and the boy was to get the pony the next day (Transcript pages 35, 36 and 37). That the next morning the defendant placed his private brand on the cattle and turned them into his pasture with his other stock (Transcript page 41); that plaintiff did not learn of the purported trade until the following day (Transcript page 7), and that on that day he went to defendant's farm, with Julius Hoeft, and demanded the cattle (Transcript page 8), and defendant told him that he had traded with the boy for the cattle and had branded them, and offered to turn the pony over to plaintiff (Transcript pages 10, 27 and 28), and the plaintiff testifies that he demanded the cattle of the defendant at that time, and that defendant refused to surrender the same. (Transcript pages 9 and 10).

The defendant admits that the cattle came into his possession and that plaintiff came after them on May 9, but attempts to excuse his wrongful detention of the same, after such demand, by claiming that plaintiff told him, as he was leaving, to turn the cattle

out, and that he afterwards and on or about May 11, turned them out of his pasture on the open prairie (Transcript pages 37-40), but admits that he gave no notice to plaintiff of the fact that he had turned the cattle loose on the prairie, although he passed plaintiff's home on the following day (Transcript pages 46-47). The cattle were found and taken by the sheriff about half a mile distant from defendant's home, on the open prairie, on the defendant's brother's farm (Transcript page 50). The plaintiff, however, testifies, and he is supported by the witness Hoeft, that he never told the defendant to turn the cattle out any further than as he told him to turn the cattle over on his demand of May 9, 1911 (Transcript pages 54, 55 and 58).

There is, of course, some conflict in the testimony of the parties to this action, but the above fairly outlines the evidence as it appears in the transcript, and the cause was submitted to the jury on such evidence, and the jury having by their verdict determined the issues in favor of the plaintiff, the verdict is a final determination of the matter under all of the rulings of this court, and there is nothing for review upon either of the questions sought to be raised by the appellant here. Connell v. City of Canton, 124 N. W. 839; Lawver v. Insurance Co., 127 N. W. 615; Merrill v. Railway Co., 129 N. W. 468; Barcus v. Prokop, 125 N. W. 756; Spaulding et al. v. Pitts, 127 N. W. 610; Lallier v. Elevator Co., 127 N. W. 558.

That the defendant was in the actual possession of the property sued for at the time of the commencement of the action is fully borne out by his own testimony, as follows:

A. He (Lyle's boy) drove them into the pasture; the trade was made, and I opened the fence and he drove them in.

Q. And on Tuesday, you say, you branded these cattle?

A. Just before noon.

Q. You would not have branded them had the cattle not been your cattle, would you?

A. Oh, no! (Transcript page 41.)

Q. You branded these three heifers, did you not, with your individual brand?

A. Yes, sir. (Transcript page 43.)

As the law of this state (section 2940, Rev. Pol. Code, 1903) makes the brand on any animal prima facie evidence of the owner-

ship of the person whose brand it may be, the defendant can not now be heard to say that the cattle did not at least come into his possession, and he could only divest himself of such possession and ownership by delivering them to the plaintiff, who was the true owner thereof, as the cattle so long as they bore. the defendant's insignia of ownership would be, under the law, in his possession and he would be the owner thereof as against any other person except the true owner, and as they never passed from his possession to the plaintiff, save as they were taken by the sheriff in this action, the possession of the cattle and rights of possession remained at all times prior to such taking in the defendant, and his evident and sole purpose of turning the cattle loose upon the open prairie three and one-half or four miles from the plaintiff's farm was the avoiding of the writ, as had he desired in good faith to have returned the cattle to the plaintiff before the institution of the action he would have notified the plaintiff of his intention or would have returned the property to the plaintiff.

WHITING, J.   This is an appeal by the defendant from a judgment in favor of the plaintiff.  The action was one in replevin to recover the possession of three two year old heifers which the plaintiff claimed to own and which he alleged were wrongfully detained by the defendant at the time of the commencement of the action.  The case was tried by the court with a jury and a verdict returned in favor of the plaintiff.  At the close of plaintiff's evidence the defendant moved for the direction of a verdict in his favor, which motion was denied by the court, and to which ruling the defendant excepted.  This motion was renewed at the close of all the evidence, and the ruling of the court in denying the former motion for the direction of a verdict is assigned as error.

[1] It is contended by the respondent that upon the record in this case none of the matters urged by the appellant are properly here for review for the reason that, "the appeal in this case having been taken from the judgment alone, and the order denying the motion for a new trial having been made after the entry of judgment herein, and it not having been appealed from, the decision of the court below upon the question of the sufficiency of the evidence to justify the verdict will be res judicata, as an appeal

from the judgment alone does not bring up for review such an order, when made after judgment, and as there are no assignments of error save and except those relating to the sufficiency of the evidence to support the verdict," and the order overruling appellant's motion for the direction of a verdict.

The judgment appealed from was rendered and entered January 5, 1912, and the order denying defendant's motion for a new trial was made April 5, 1912, and filed the next day, April 6th. The appeal was taken from the judgment alone. The order denying the motion for a new trial having been made after the entry of judgment, and not having been appealed from, the decision of the court below upon the question of the sufficiency of the evidence to justify the verdict will not be considered by this court, as an appeal from the judgment alone does not bring up for review such an order when made after judgment. Gade v. Collins, 8 S. D. 322, 66 N. W. 466; Bourne v. Johnson, 10 S. D. 36, 71 N. W. 140; Parris v. Mahany, 10 S. D. 276, 73 N. W. 97, 66 Am. St. Rep. 715; Stephens v. Faus, 20 S. D. 367, 106 N. W. 56; Aultman, Miller Co. v. Becker, 10 S. D. 58, 71 N. W. 753; Barcus v. Prokop, 135 N. W. 756; Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774; Manufacturing Co. v. Galloway, 5 S. D. 205, 58 N. W. 565.

[2] However, on an appeal from the judgment when there has been a motion for the direction of a verdict at the close of plaintiff's evidence and renewed at the close of all the evidence this court will review the evidence for the purpose of determining whether or not the court erred in denying the motion where the same has been settled by a bill of exceptions or transcript required under the present law, notwithstanding no motion for a new trial has been made in the action and no appeal taken from the order denying a new trial. Dunn v. National Bank of Canton, 11 S. D. 305, 77 N. W. 111; Westphal v. Nelson, 25 S. D. 100, 125 N. W. 640; Grasinger v. Lucas, 24 S. D. 42, 123 N. W. 77. It appears from the record in this case that it contains a transcript of the evidence settled and certified to by the court under the provisions of chapter 15 of the Laws of 1911. Hence it becomes our duty to examine the evidence for the determination of the question of whether the court committed error or not in denying defendant's motion for the direction of a verdict.

[3] It seems clear to us that defendant's motion should have been granted, and that the court should have directed a verdict in his favor. No useful purpose could come from a rehearsal in detail of the evidence herein; but, weighing the evidence most favorably for the plaintiff, it shows the following facts: Plaintiff, on Monday, May 8th, sent his son, a minor child, with a bunch of cattle to place in a pasture some three or four miles from his home. On his way to such pasture the boy went by defendant's place. The boy and defendant had a conversation relating to the trade of the three heifers in question for a pony owned by defendant, and such trade was arranged for, and the heifers left with defendant; but the pony was not to be delivered that day. On Tuesday morning, not having heard from plaintiff, the defendant placed his brand upon the three heifers. The plaintiff, on Tuesday evening, having learned through the boy and through defendant that there had been some negotiations for trade or exchange, went to the defendant's place and notified defendant that he did not approve of the proposed trade. Both parties apparently got angry in the conversation that followed, and plaintiff demanded of defendant that he return the heifers to plaintiff's farm or deliver them in the pasture to which the boy was taking them at the time that they were left with defendant. Defendant refused to deliver the heifers at either of said places, but, in no manner, made any claim of ownership to the cattle or of any right of possession thereto after he was advised that plaintiff would not ratify the unauthorized acts of his son. The plaintiff did not ask that the cattle be turned over to him, and, in fact made no demand for their possession other than as stated above. In a day or two after the above conversation, the defendant turned the cattle loose upon the prairie, and, on Friday, the 12th of May, they were seen upon the prairie by plaintiff, and, when seen by him, were some distance from defendant's place, were with no other cattle, and in charge of no one. Without taking possession of said cattle when he saw them thus upon the prairie, the plaintiff, upon the next day, brought this action in replevin and executed papers in claim and delivery. The sheriff, who executed the order in claim and delivery, found the cattle in question running at large upon the farm of a third person, the brother of defendant.

Under the above facts it is clear. that there was neither such demand as would authorize the bringing of an action of replevin against the defendant, nor, at the time of the bringing of said action, was the defendant in either the actual or constructive possession of said cattle, without which possession replevin does not lie. Fortheringham v. Lockhart, (S. D.) 138 N. W. 804.

The judgment appealed from is reversed.

CORSON, J., dissenting as to the two last propositions. HANEY, J., not sitting.