WARWICK, Respondent, v. BLISS, Appellant.

(187 N. W. 715.)

(File No. 5045. Opinion filed April 10, 1922.)

1. **Appeals—Evidence Not All in Appellant's Brief, Assignments of Error Irregularly Placed, No Motion for New Trial, Non-entry of Judgment Notwithstanding Verdict, Non-grounds for Dismissal of Appeal.**

   A motion to dismiss appeal because appellant's brief fails to contain all material evidence and because assignments of error were not placed in appellant's brief with argument pertaining thereto, and because no motion for new trial was made, and because of refusal of trial court to enter judgment notwithstanding verdict,—is frivolous.

2. **Appeals—Non-insertion of X-ray Photographs in Brief, Not ground for Striking Brief—Photographs Presentable in Respondent's Brief—Costs—Disposition of.**

   A motion to strike from the files and refuse to consider appellant's statement and brief or such parts as are improper, will not be granted on ground that appellant's brief fails to contain certain X-ray photographs received in evidence on trial; appelalnt contending he has in words sufficiently described them for purposes of appeal—a question determinable only on consideration of case on merits. Respondent may include the photographs in his brief and will be permitted to tax cost of so doing if he prevails on appeal, if he does not prevail, and Court finds photographs reasonably necessary to determination of appeal, costs thereof will be deducted from costs taxed respondent.

3. **Appeals—Assignments of Error Not Grouped With Argument Re Court Rule—Specifications Rightly Placed in Brief as Assignments of Error—Non-complying Brief Stricken.**

   Where appellant failed to place his assignments of error in that part of brief devoted to argument thereof, or to follow grouping of assignments with argument pertaining thereto as provided by Court Rule 4, that portion of appellant's brief devoted to the argument will be stricken from the files. However, specification of error, if properly placed in brief as assignments of error, is sufficient compliance with rule, thus obviating duplication of specifications of error. Appellant may within 30 days serve and file new argument with assignments of error complying with rule; but in the amended brief appellant will not discuss misconduct of counsel nor refusal of trial court to enter judgment notwithstanding verdict—being additional grounds for moving to strike brief.

**4.** **Appeals—Non-motion for New Trial—Insufficiency of Evidence, Non-consideration of, Where Question Raised After Verdict— Refusal to Direct Verdict, as Error in Law at Trial—Non-grounds for Striking Brief.**

The rule that there was no motion for new trial, insufficiency of evidence to sustain verdict will not be considered on appeal, applies where point is raised after verdict. And where error is assigned re refusal to direct verdict, such refusal is designated under statute as error in law occurring at trial, and as such, reviewable on trial from judgment; and motion to strike parts of appellant's brief on such grounds is denied.

**5.** **Appeals—Non-entry of Judgment Notwithstanding Verdict, Under New Statute, Non-dismissal of Appeal Therefor—Statute Not In Force, Inapplicable—Emergency Clause Violative of Constitution.**

Laws 1921, Ch. 181, concerning directing verdict and setting aside of judgments and entry thereof notwithstanding verdicts, and authorizing Supreme Court on appeal to order judgment entered in favor of party entitled to have verdict directed in his favor, etc., and declaring an emergency, did not take effect from and after passage and approval, since the emergency declaration therein was violative of Const., Art. 3, Sec. 1; hence appellant's motion for dismissal of appeal under an assignment of error based on trial court's refusal to enter judgment notwithstanding verdict, under such statute is denied.

**6.** **Appeals—Misconduct of Counsel, Whether Considered in Absence of Motion for New Trial—Statute—Question, How Presentable Under Statute.**

Misconduct of counsel is not urgeable on appeal in absence of motion for new trial; Sec. 2555, Subd. 1, Code 1919, providing as one of grounds for new trial irregularity in proceedings of * * adverse party, which includes misconduct of counsel. The only way in which alleged error in this behalf is presentable to record is by affidavit (Sec. 2556, Code 1919) and by way of motion for new trial; misconduct of counsel not being embraced within Subd. 7, Sec. 2555, as "error in law occurring at the trial."

Appeal from Circuit Court, Minnehaha County. Hon. Louis L. Fleeger, Judge.

Action by John A. Warwick against P. D. Bliss. Upon motion to strike the files and refuse to consider appellant's statement and brief or so much thereof as may be improper, and for dismissal of appeal. Motion granted in part, denied in part.

*George J. Danforth,* for Appellant.

*Kirby, Kirby & Kirby,* for Respondent.

GATES, P. J. [1] Respondent moves the court to strike from the files and refuse to consider appellant's statement and brief, or such part thereof as may be improper upon the grounds hereinafter set forth. Respondent further asks that the appeal be dismissed upon such grounds. The motion to dismiss the appeal is wholly frivolous. No showing nor attempted showing is made to justify such relief.

[2] Respondent insists that appellant's assertion that appellant's brief contains all of the material evidence is untrue because certain X-ray photographs were received in evidence and are not reproduced in the brief, and that without them the medical testimony becomes unintelligible. Appellant says he has in words sufficiently described the X-ray photographs for all of the purposes of the appeal. Whether this is true can only be determined by us upon the consideration of the case upon its merits. We cannot decide the question now. If respondent desires to include these photographs in his brief, he will be permitted to tax the cost of so doing if he prevails upon the appeal. If he does not prevail, and we find the X-ray photographs reasonably necessary for the determination of the appeal, we will deduct the cost thereof from the costs taxed against respondent.

[3] Respondent says there are no assignments of error. It is true that appellant did not place his assignments of error in that part of the brief devoted to the argument, and did not follow the assignments or group of assignments with the argument pertaining thereto as in the rule provided. He printed the specifications of error that were made a part of the settled record, and prefixed them by a statement that they constituted the assignments of error upon appeal. Respondent contends that it is not necessary to print the specifications of error and again print them as assignments of error. Of course no duplication is necessary, but appellant should have printed his assignments of error in that part of the brief devoted to the argument following each assignment (or group of assignments raising the same point) by his argument thereon. Supreme Court rule 4 (170 N. W. vii.) The portion of appellant's brief devoted to the argument will be stricken. Appellant · may within 30 days serve and file a new argument with assignments of error in accordance with the rule.

[4] Respondent contends that, inasmuch as there was no

motion for new trial, the insufficiency of the evidence to sustain the verdict cannot be considered upon an appeal. Such is the rule where the insufficiency is raised after verdict. Here the error assigned is the refusal of the trial court to direct the verdict for defendant. Such a refusal is designated as an error in law occurring at the trial, and as such is reviewable upon an appeal from the judgment. Lyle v. Barnes, 30 S. D. 647, 139 N. W. 338.

[5] Another assignment of error is based upon the refusal of the trial court to enter judgment notwithstanding the verdict pursuant to chapter 181, Laws 1921. Respondent contends that said chapter did not go into effect until July 1, 1921, notwithstanding the emergency clause to the act, and that, inasmuch as the order denying the motion for judgment was entered May 11, 1921, the ruling on that motion should not be considered on appeal. Respondent is right. The Legislature clearly violated Const., art. 3, § 1, in declaring that an emergency existed. The act did not take effect until July 1, 1921. State ex rel. Richards v. Whisman, 36 S. D. 260, 154 N. W. 707, L. R. A. 1917B, 1; Hodges v. Snyder, 43 S. D. 166, 178 N. W. 575.

[6] Misconduct of counsel is urged as a ground for reversal. Respondent insists that, in the absence of a motion for new trial, this ground cannot be considered on appeal. Respondent is again right. Section 2555 subd. 1, Rev. Code 1919, provides that one of the grounds for new trial is irregularity in the proceedings of the court, jury, or adverse party. Misconduct of counsel comes under this subdivision. The only way that alleged error in this behalf can be presented in the record is by affidavit (section 2556, Rev. Code 1919), and by way of motion for new trial. Misconduct of counsel is not embraced within subdivision 7, § 2555, "error in law occurring at the trial."

In its amended brief appellant will not discuss misconduct of counsel nor the refusal of the court to enter judgment notwithstanding the verdict.