HEATHER, Appellant, v. CITY OF MITCHELL, Respondent.

(198 N. W. 353.)

(File No. 5376. .Opinion filed April 4, 1924.)

1. **Municipal Corporations—Evidence—Damages—Striking Testimony of Other Accidents to Pedestrians Held Not Error.**

    Striking the testimony of witnesses who had fallen at the crossing where plaintiff slipped after a sleet storm, time when they fell not being fixed, their answers not being responsive, and the place not shown to have been in the same condition when they fell as when plaintiff was injured, was not error.

2. **Municipal—Corporations—Negligence—No Liability for Slipperiness from Recent Sleet Storm.**

    A city is not liable for accident from slipperiness of walk from recent sleet storm.

3. **Negligence—Evidence—Question for Court on Uncontroverted Evidence.**

    There being no dispute in the evidence in a negligence case, it is for the court to say whether there is any evidence from which negligence may reasonably be inferred.

4. **Municipal Corporations—Negligence—Evidence — Negligent Construction of Approach to Sidewalk, Not Shown.**

    No negligence in the construction of the approach from the street to the sidewalk is shown; it having a raise of only eight inches in a distance of 2½ to 3 feet, and there being no evidence that its smooth surface was any different from the usual and approved cement construction.

5. **Municipal Corporations—Negligence—Streets and Sidewalks Need Be Only Reasonably Safe**

    A city is required to keep its streets and sidewalks only reasonably safe for travel.

6. **Negligence—Evidence—Equal Probability of Causes Not Enough.**

    There can be no recovery on the ground of negligence when it is equally as probable that the accident occurred from a cause for which defendant was not liable.

7. **Municipal Corporations—Contributory Negligence—Slipping Pedestrian. Held Negligent.**

    Pedestrian, who when she slipped on the inclined approach to a sidewalk, after a recent general sleet storm, was not looking at the approach, and was wearing medium high heeled shoes without rubbers, held clearly guilty of contributory negligence.

Appeal from Circuit Court, Davison Count; Hon. FRANK B. SMITH, Judge.

Action by Mary E. Heather against the City of Mitchell. Judgment for defendant, new trial denied, and plaintiff appeals. Affirmed.

*H. G. Giddings,* of Mitchell, for Appellant.

*Miller & Mitchell,* of Mitchell, for Respondent.

(1)  To point one of the opinion, Appellant cited:  40 Cyc. 2447; 22 C. J. 753.

Respondent cited:  Langhammer v. City of Manchester (Ia.), 68 N. W. 688; Hudson v. Chicago & Mil. R. R. (Ia.), 13 N. W. 735; Matteson v. Cedar Rapids (Ia.), 45 N. W. 894; Bemis v. Temple, 162 Mass. 342, 38 N. E. 970; Marvin v. New Bedford (Mass.), 33 N. E. 605; Davis v. Alexander City (Ala.), 33 So. 863; Richard v. Oskosh (Wis.), 51 N. W. 256; Bannett v. Hammond (Wis.), 58 N. W. 1053; McGrail v. Kalamazoo (Mich.), 53 N. W. 955; 29 Cyc. 613; Mathear v. City of Cedar Rapids (Ia.), 45 N. W. 894.

(2) to (5)  To point two to five, Appellant cited:  28 Cyc. 1371-2; 13 R. C. L. Highways, Sec. 326; Smith v. City of Tacoma (Wash.), 21 L. R. A. (N. S.) 1018.

Respondent cited:  Bohl v. Dell Rapids (S. D.), 91 N. W. 315; Keen v. City of Mitchell (S. D.), 157 N. W. 1049; Dayton v. Glosa, 76 Ohio St. 471, 81 N. E. 991; Morgan v. Lewiston, 91 Me. 566, 40 Atl. 545; City of Centralia v. Krouse, 64 Ill. 19; City of Quincy v. Barker, 81 Ill., 300 Am. Rep. 278.

(7)  To point seven, Respondent cited:  Taylor v. City of Spokane (Wash.), 2 A. L. R. 1046.

DILLON, J.  This is an action to recover damages for injury received in falling on one of defendant's sidewalks.  Negligence is alleged in the construction of the approach to the sidewalk, connecting the pavement with the curb and sidewalk on Main street at the First National Bank corner, from which she suffered injuries.  The incline was constructed by the city as a part of the street improvement several years before the accident. This cement incline contained a slope, being a raise of some 8 inches in a distance of from 2½ to 3 feet and the top of the pavement was smooth.  On and prior to the 3d day of February, 1922, rain and sleet had fallen upon the sidewalks, incline, and pavement and had frozen thereon, forming a smooth, slick coating of

ice all over the city. No substance of any kind had been placed on the walk to prevent the slipping of pedestrians. On said 3rd day of February, 1922, the plaintiff, while traveling on said sidewalk and incline in a northerly direction, fell, due to the coating of ice, and fractured her right leg. It is claimed by the plaintiff that the defendant's city was negligent in the construction of said approach and negligent in failing to place some substance upon said sidewalk, after the rain and sleet storm referred to, to prevent slipping, and that such negligence was the direct cause of plaintiff's injury. We cannot sustain this contention.

[1] Assignments 1 and 2 challenge the ruling of the court in striking out the testimony of two witnesses who had fallen at this crossing. When this evidence was stricken out, no time had been fixed when these witnesses fell; besides their answers were not responsive, and there was no proof in the record that such sidewalk was then in the same condition as when plaintiff received her injuries. We think no prejudicial error was committed in this ruling. Error is assigned in directing a verdict for the defendant at the close of plaintiff's testimony. The only evidence in this record as to the construction of the incline is found in the testimony of Steve Spink, which is as follows:

"Q. Can you tell the jury how long this incline is—the length of it? A. It is probably 3 feet—2½ feet or 3 feet.

"Q. How much rise is there from the pavement to the top of the curb? A. I would say about 8 inches."

On cross-examination he testified:

"I would say that incline is about 3 feet.

"Q. Don't you know, as a matter of fact, it is 6 feet? A. I do not. I would say it wasn't 6 feet. I never measured the incline. I judged the distance from going over it."

There is no other testimony in relation to the construction of the approach. There is no showing that this incline was not corrugated so as to guard against slipperiness.

[2] Plaintiff's evidence was to the effect that she was not looking at the approach at the time she fell, besides she was wearing medium high heeled shoes without rubbers. She knew that the sidewalks all over the city were covered with a coating of smooth ice, caused by the recent sleet storm. This is a case of smooth, slippery ice caused by a recent storm, rendering it impossible for

the city to remove such slipperiness. The city cannot be held guilty of negligence in failing to remove from its streets smooth ice caused by recent sleet storm. It is only required to keep its streets in a reasonably safe condition for travel. However, when the city permits snow and ice to accumulate and form dangerous ridges and pyramids and sufficient time elapses to impart notice to city authorities, a different rule applies. The city is not liable where the accident results from the slipperiness of the walk caused by the sleety condition existing all over the city. Such condition would be beyond the control of the municipal authorities. This rule cannot be longer questioned.

[3] Assignments Nos. 4 and 5 challenge the ruling of the court in directing a verdict for the defendant and overruling the plaintiff's motion for a new trial. Plaintiff's contention was that the city was negligent in constructing the cement walk by leaving it in a smooth condition and in constructing the approach from the pavement to the sidewalk, without placing some substance thereon to prevent persons from slipping. At the close of plaintiff's testimony there was no dispute in the evidence. It then became the duty of the court to say whether there was any evidence in the case from which negligence might reasonably be inferred. Bohl v. Dell Rapids, 15 S. D. 619, 91 N. W. 315; Keen v. City of Mitchell, 37 S. D. 247, 157 N. W. 1049, L. R. A. 1916F, 704.

[4, 5] We fail to find any evidence of any faulty construction in the approach where the plaintiff fell. The court did not invade the province of the jury in directing a verdict for the defendant. There is no showing that the cement walk was not made in the usual and approved manner of construction. The appellant contends that the side walk was smooth, but there is nothing in the evidence to disclose that the smooth surface was any different from the usual and approved cement construction. It appears that plaintiff's injuries occurred on the approach rather than on the sidewalk. The law only requires the city to keep its streets in reasonably safe condition. We fail to find any evidence that the approach and sidewalk were not reasonably safe for travel. In Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492, it is said:

"The fact proved was that the plaintiff slipped on the ice

lying on a slope.   The inference, it is claimed, is natural and logical, and sustained by common observation and experience, that both of the conditions entered into the accident as proximate causes.   But no one can say that, if the new ice had spread over a level, the plaintiff would not have fallen; and there is nothing in the case pointing to the slope as a concurrent cause, beyond the bare fact that it existed, and so nothing to redeem the inference sought from the domain of mere guess and speculation.   *   *   * Where the defect is the sole explanation of the injury, there is no difficulty; but, where there is also another for which no one is responsible, we have held that 'the plaintiff must fail if his evidence does not show that the damage was produced by the former cause' (Searles v. Manhattan Ry. Co., 101 N. Y. 661, 5 N. E. Rep. 66), and we added that he must fail also if it is just as probable that the injury came from one cause as the other, because he is bound to make out his case by a preponderance of evidence, and the jury must not be left to a mere conjecture, or to act upon a bare possibility.   In this case that rule was violated.   The plaintiff slipped upon the ice.   That by itself was a sufficient, certain, and operating cause of the fall.   No other explanation is needed to account for what happened.   It is possible that the slope of the walk had something to do with it.   It is equally possible that it did not.   There is not a particle of proof that it did.   To affirm it is a pure guess and an absolute speculation.   Are we to send it to a jury for them to imagine what might have been?   The great balance of probability is that the ice was the efficient cause.   There is no probability, not wholly speculative, that the slope was also such.   Its descent was slight—not quite an inch in a foot—and not more than constantly occurs in the streets of a city.   No knowledge or intelligence can determine or ascertain that such a slope had any part or share in the injury; and to send the question to the jury is simply to let them guess at it, and then upon that guess to sustain a verdict for damages."

[6]   It is clear that this injury was produced by two causes, viz:   The slant of the approach and a coating of smooth ice thereon, the latter being a cause for which no one was responsible. Plaintiff was required to make the proof that the slant was the real cause of the injury rather than the thin, smooth ice.   A recovery cannot be had if it is equally as probable that the injury

came from one cause as another. Langhammer v. City of Manchester, 99 Iowa 295, 67 N. W. 688.

In Bohl v. Dell Rapids, 15 S. D. 625, 91 N. W. 317, this court said:

"The obstruction or defects in the sidewalks, to make the corporation liable, must be such as are in themselves so dangerous that a person exercising ordinary prudence could not avoid injury in passing."

[7]    The court did not err in directing a verdict for defendant because of the failure to prove negligence, and it is equally clear that plaintiff was guilty of contributory negligence.

The judgment and order denying the motion for new trial are affirmed.

Note.—Reported in 198 N. W. 353.    See, Headnote (1), American Key-Numbered Digest, Municipal corporations, Key-No. 818(9), 28 Cyc. 1491, Trial, 38 Cyc. 1403; (2) Municipal corporations, Key-No. 771, 28 Cyc. 1374, 1378; (3) Negligence, Key-No. 136(8), 29 Cyc. 629; (4) Municipal corporations, Key-No. 768(4), 28 Cyc. 1371; (5) Municipal corporations, Key-No. 763(1), 28 Cyc. 1359; (6) Negligence, Key-No. 134(11), 29 Cyc. 625; (7) Municipal corporations, Key-No. 805(1), 28 Cyc. 1424.  ·

On duty to remove snow and ice from cross walks, see note in 3.9 L. R. A. (N. S.) 513.

On liability of municipal corporations for injuries from snow and ice accumulated from natural causes on a street or sidewalk not otherwise defective, see notes in 13 L. R.·A. (N. S.) 1105, 45 L. R. A. (N. S.) 75.

The question of high-heeled shoes as affecting contributory negligence, see notes in 2 A. L. R. 1049; 13 A. L. R. 76.