WOONSOCKET STATE BANK et al, Respondents, v. PARSONS, Appellant.

(219 N. W. 121.)

(File No. 6206. Opinion filed April 21, 1928.)

McCoy & McCoy, of Huron, for Appellant.

Buell F. Jones, of Britton, Roy E. Willy, of Platte, and Null & Royhl, of Huron, for Respondents.

BURCH, P. J. This action is brought to recover two promissory notes of $3,000 each, claimed to have been transferred through an unlawful preference to defendant by the insolvent Woonsocket State Bank on or about the day it was taken over by the superintendent of banks for liquidation. Judgment for plaintiff, and defendant appeals from the judgment alone.

■ Appellant presents several assignments of error which require a review of the evidence. This court has held in several cases that the sufficiency of the evidence cannot be reviewed on an appeal from the judgment alone. Pierce v. Manning, 2. S. D. 517, 51 N. W. 332; Lee v. Clark Imp. Co., 31 S. D. 581, 141 N. W. 986; Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874. An exception to this rule exists where judgment is entered after entry of order denying new trial if such order is designated for review. Keyes v. Baskerville, supra. Where a motion for a directed verdict made at the close of plaintiff's case and renewed at the close of all the evidence is denied, on appeal where error is assigned on the denial of such motion this court will, in reviewing such assignment, review the evidence to determine if the court erred in denying the motion (Lyle v. Barnes, 30 S. D. 647, 139 N. W. 338), but in such case the weight or sufficiency of the evidence is not reviewed, but the review is confined to ascertaining if there is any evidence warranting a submission of the issues to a jury.

■ The seventh assignment, that the court erred in its conclusions of law and the eighth, that the court erred in entering judgment because the findings are insufficient to support the conclusions or the judgment, are the only assignments that can be considered. The court found that the Woonsocket State Bank was insolvent on the 18th of April, 1924, and on the 1st day of May, 1924, was taken over by the superintendent of banks for liquidation; that on the said 18th of April, appellant, Parsons, was a depositor of the bank having then on deposit $7,811.95; that

he was engaged in the business of buying, selling, and shipping poultry, butter, and eggs in Woonsocket, S. D., and in the habit of depositing sight drafts against consignments of such produce and drawing checks in payment of produce purchased; that he was aware of the dangerous condition of the bank, and on the said 18th of April made demand on the bank for the money then to his account because he thought it was unsafe; that the officers of the bank refused to give him his money, but began negotiations with him to have him take in lieu of the cash the two notes in suit; that an agreement was made between the president of the bank and appellant whereby appellant gave his check for $6,000; that such check was undated and the date line left blank; that the check was left with the president to purchase said notes; that on the 30th of April, a bank examiner started an examination of the bank, and after the bank had closed for the day, the president dated the check April 30, 1924, charged it to Parsons' account, charged the notes out of the bank's assets, and delivered them to Parsons; that between the 18th and the 30th of April, appellant did not at all times have a balance to his credit of $6,000 and if said check had been charged to his account on April 18th, his account would have been overdrawn on various dates between the 18th and the 30th of April. While there are other findings pertaining to collections made by appellant on the notes and as to their present value these need not be set out, for they are not essential on the general conclusion of the court that plaintiff is entitled to recover the notes or their value.

We think the findings are amply sufficient to sustain such conclusion and the judgment entered for the respondent to that effect. A fair inference to be drawn from the findings is that the transaction was an unlawful preference and not a transaction in the due and regular course of business. By the transaction appellant had full use of his deposit against which he freely checked, and after the bank closed he canceled his checking account to the extent of $6,000 and received in lieu thereof valuable bills receivable assets of the bank to the prejudice of other depositors and creditors of the bank.

The judgment appealed from is affirmed.

SHERWOOD, CAMPBELL, and BROWN, JJ., concur.
POLLEY, J., dissents.