# MOORE, Respondent, v. CITY OF EDGEMONT, Appellant.

## (223 N. W. 720.)

(File No. 6484.   Opinion filed February 21, 1929.)

*A. R. Nequette,* of Edgemont, for Appellant.

*H. M. Lewis,* of Hot Springs, for Respondent.

MORIARTY, C.   The respondent, Margaret C. Moore, sued the city of Edgemont to recover damages for personal injuries. The jury returned a verdict for the plaintiff in the sum of $337.75, and from the judgment entered upon said verdict this appeal is taken; no motion for a new trial having been made.

The record shows that the defendant moved for the direction of a verdict in its favor, at the close of plaintiff's direct case, and that this motion was renewed at the close of all the evidence, and also that defendant moved for judgment notwithstanding the verdict.

Where such motions have been interposed, and where there has been no motion for a new trial, this court will review the evidence to determine whether the trial court erred in denying the motion for the direction of a verdict.   Lyle v. Barnes, 30 S. D. 647, 139 N. W. 338; Warwick v. Bliss, 45 S. D. 388, 187 N. W. 715.

The following facts are undisputed:

On the morning of February 13, 1925, the plaintiff, in walking upon a certain street crossing in the defendant city, slipped and fell, breaking her arm and suffering other injuries of lesser consequence.   Her fall was caused by a patch of smooth and slippery ice which had formed upon the crossing during the preceding night. This ice was formed from water which flowed upon the crosswalk during mild weather which had prevailed during the preceding day.   The crosswalk in question extended along the south side of an east and west street and across a north and south street.   The

land to the south of this crosswalk sloped toward the walk at a grade of about 3 per cent. There were shallow ditches at both sides of the aforesaid north and south streets, and on February 12th, the day preceding Mrs. Moore's fall, snow lying upon this street and upon lands draining into it had been thawing and filling the ditches with water. · Freezing temperature during the night froze water produced by this thaw into a thin smooth coat of ice, covering that part of the crosswalk upon which the plaintiff fell.

The contentions of counsel narrow down the questions to be considered upon this appeal. Plaintiff's counsel concede that the ice in question was of such recent formation that the failure to have it removed would not constitute negligence, but they contend that there was not adequate drainage under the ends of the crosswalk, that failure to provide adequate drainage made the construction defective, that the ice upon the walk was due to such defect, and that this defective construction and the failure to correct · it, after due notice of the defect, constitute negligence which makes the city liable.

Defendant's counsel contends that the drains under the crosswalk were adequate and that there was no negligence on the part of the city, that the danger of slipping on the ice was patent and fully known to the plaintiff, and that her assumption of the risk of falling was contributory negligence barring a recovery of damages, and further that there is no evidence that any lack of adequate drainage which may have existed was the proximate cause of the accumulation of the water upon the crosswalk. All of these contentions of the defendant were presented to the trial court by the motions above mentioned.

We find it necessary to consider only the question whether there is any evidence tending to show that the water accumulated on the crosswalk because of failure to provide adequate drains under the ends of the crosswalk.

■ There is a sharp conflict of evidence on the question of the adequacy of the drains and as to the ease with which the plaintiff might have avoided assuming the risk of going upon the ice. As there is such conflict upon those points, the verdict requires us to resolve the conflict in favor of plaintiff's contentions.

■ But assuming, for the purposes of this discussion, that there was negligence in the construction of the crosswalk and that

there was no contributory negligence on the part of the plaintiff, the burden is still upon her to present substantial evidence that the defective drains were the proximate cause of the ice forming on the crosswalk.

This court has held that in actions of this kind "a recovery cannot be had if it is equally as probable that the injury came from one cause as another." Heather v. City of Mitchell, 47 S. D. 281, 198 N. W. 353.

And in the opinion in the Heather Case this court quoted with approval the following language from Taylor v. City of Yonkers, 105 N. Y. 202, 11 N. E. 642, 59 Am. Rep. 492: "Where the defect is the sole explanation of the injury there is no difficulty; but where there is also another, for which no one is responsible, we have held that 'the plaintiff must fail if his evidence does not show that the demage was produced by the former cause.' * * * And we added that he must fail also if it is just as probable that the injury came from one cause as the other, because he is bound to make out his case by a preponderance of evidence, and the jury must not be left to a mere conjecture or to act on a bare possibility."

In the trial of the instant case the trial court admitted a considerable amount of evidence as to the condition of this crosswalk at various times, some of them long prior to the date of the accident involved herein. This evidence was material to the question of the existence of inadequate drains under the crosswalk, and to the question of notice to the city; but it does not cover the point of showing that such defect was the cause of the accumulation of ice upon the walk at the time of the accident.

The undisputed evidence shows that there were certain depressions, caused by wagon tracks, leading to this crosswalk from the southward, that snow was thawing over all parts of the street the day before the accident, and that the patch of ice upon which plaintiff fell was just where these wagon tracks led to the walk. Unless there is some positive evidence that the lack of capacity of the drains caused the water to flood that part of the walk, it would be just as probable that the ice was formed from water that came down the street without ever becoming a part of that seeking exit through the drains, as that it rose over that part of the crossing on account of the inadequacy of the drains.

As to the existence of any evidence covering this point, the record shows only this statement made by the plaintiff herself: "Was injured on the morning of February 13th, was home on the 12th, the day before the injury. There was water running down the west ditch and across the crossing on the 12th. The weather was exceptionally warm on the 12th. The night of the 12th it turned suddenly cold. For several days prior to the 13th it had been quite warm and there was thawing and water flowing down."

This testimony might be absolutely true, and yet the alleged inadequacy of the drain be in no way responsible for the accumulation of ice where the accident occurred. There is nothing in this testimony to show that water seeking exit at the drains had failed to find exit there and had risen out of the ditch to the extent of flooding that part of the crosswalk where the ice was found next morning.

That water flowed down the ditch and water flowed over the crossing might readily be the result of snow thawing on the street, without any reference whatever to the adequacy or inadequacy of the drains. The jury in this case was left, in the language of the New York court, "to a mere conjecture, or to act upon a bare possibility."

The learned trial court erred in denying defendant's motion for a directed verdict, and for that error the judgment appealed from is reversed.

BROWN, J., not sitting.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.