WOLFF, Respondent, v. STENGER, Appellant.

(239 N. W. 181.)

(File No. 7136. Opinion filed November 18, 1931.)

*H. F. Fellows* and *George Philip,* both of Rapid City, for Appellant.

*Williams & Sweet,* of Rapid City, for Respondent.

CAMPBELL, J. Plaintiff was riding with his adult son and others in the son's automobile for the purpose of conveying plaintiff's wife to a hospital, and, while upon the streets of Rapid City, so traveling, the automobile driven by plaintiff's son collided with the automobile of defendant. As a result of the collision, plaintiff suffered physical injury and instituted this action to recover damages therefor. The amended answer denied negligence on the part of the defendant and pleaded that the collision was caused by the negligence of plaintiff and by the negligence of plaintiff's driver imputable to plaintiff, and "that prior to the collision alleged in said complaint, and after discovery by the driver of the automobile in which plaintiff was riding of the danger of such a collsion between him and defendant, the said collision could have been avoided by plaintiff's driver by the exercise of due care on his part and by such driver reducing his rate of speed or by stopping his said automobile or by turning out of his then course of travel; but that such driver failed to exercise such due care or to exercise ordinary and reasonable care in his driving to avert the said collision."

The issues so joined came regularly on for trial to a jury. At the close of all the testimony defendant moved for a directed verdict upon the following grounds: "The defendant moves the Court to take this case from the jury and to direct a verdict for the defendant, on the ground that there is no evidence in the case to show any negligence on the part of the defendant, Stenger, in the driving of his automobile, or in the use of the roads or streets of Rapid City, the evidence showing conclusively, and there being no evidence to the contrary, that the defendant was driving along East Boulevard slowly, carefully, and along the usual and ordinary route of travel, in a careful and prudent manner, and that there is no evidence that the collision occurred by reason of any negligence of the defendant, and that the driver of the car in which plaintiff was riding, and the plaintiff himself, observed the approach of the defendant from the right, along the ordinary, usual traveled highway, and took no precautions or measures to avoid or avert the collision, but continued in their course in a line of travel which must necessarily result in a collision in the absence of some steps to avert it, and wholly disregarded the approach of the plaintiff from the right, and were thereby guilty of contributory negligence as a matter of law; and further, that the evidence in this case

clearly shows that the plaintiff and the driver of the car in which the plaintiff was riding had the last clear chance to avoid the collision."

The motion was denied, and the jury, under instructions which are in no manner challenged in this record, returned a verdict for plaintiff in the sum of $750. Thereafter, and prior to the entry of judgment, defendant moved for judgment notwithstanding the verdict, setting forth as the grounds of such motion substantially the same reasons urged upon the motion for directed verdict. This motion was likewise denied, and thereafter judgment was entered upon the verdict, from which judgment solely, without motion for new trial, defendant has appealed, not upon the judgment roll, but upon a settled record.

Appellant has abandoned all assignments of error, excepting only six, being assignments numbers VII, VIII, IX, XXI, XXIX, and XXX, which fall under two headings and are thus urged and argued by appellant.

■ ■ Assignments VII, VIII, and IX undertake to predicate error upon what appellant claims to have been misconduct of respondent's counsel during the trial in propounding certain interrogatories to a witness. Misconduct of counsel does not constitute "error in law, occurring at the trial" within the meaning of subdivision 7, § 2555, R. C. 1919, but falls within subdivision 1 of such section specifying as one of the causes for the granting of a new trial "irregularity in the proceedings of the court, jury, or adverse party * * * by which either party was prevented from having a fair trial." The only way in which it can be presented, in the record is by affidavit (section 2556, R. C. 1919) as distinguished from a settled record, and such error cannot be reviewed upon appeal in the absence of a motion for new trial. It is not subject to review upon an appeal from the judgment solely. Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874; Warwick v. Bliss, 45 S. D. 388, 187 N. W. 715.

■ ■ The second group of assignments seek to present the sufficiency of the evidence. Assignment XXI is that the court erred in overruling appellant's motion for directed verdict at the close of all the testimony. Assignment XXIX is that the court erred in overruling appellant's motion for judgment n. o. v. made

after the verdict and before the entry of judgment; while assignment XXX is that the evidence is insufficient to support the verdict. Accurately speaking, assignment XXX cannot be considered. The sixth ground for the granting of a new trial as specified in section 2555, R. C. 1919, is "insufficiency of the evidence to justify the verdict or other decision, or that it is against law." It is the established rule of this court that the sufficiency of the evidence to support the verdict cannot be considered on an appeal from a judgment only, save where such judgment was entered after the making and entry of an order denying new trial, in which case appeal from the judgment brings up for review the order denying new trial if error is assigned thereon without the necessity of direct appeal from such order. Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874. However, errors in law occurring at the trial (subdivision 7, § 2555, R. C. 1919) may be reviewed upon appeal from the judgment solely. Denial of motion for directed verdict or for judgment n. o. v. is deemed to come within that subdivision. It follows that, if motion for directed verdict or for judgment n. o. v. was properly made, whereby the sufficiency of the evidence was presented to the trial judge, and if the appeal is upon a settled record, as distinguished from an appeal from the judgment upon the judgment roll alone, whereby the evidence is brought before this court, and the brief affirmatively shows that it contains a statement of all the material evidence, appellant may review in this court the propriety of the ruling upon such motion or motions. Dunn v. Nat. Bank, 11 S. D. 305, 77 N. W. 111; Grasinger v. Lucas, 24 S. D. 42, 123 N. W. 77; Lyle v. Barnes, 30 S. D. 647, 139 N. W. 338; Warwick v. Bliss, 45 S. D. 388, 187 N. W. 715; Woonsocket State Bank v. Parsons, 52 S. D. 534, 219 N. W. 121; Hanson v. Lambert, 53 S. D. 34, 219 N. W. 892; Moore v. City of Edgemont, 54 S. D. 509, 223 N. W. 720.

Therefore, while assignment XXX (insufficiency of the evidence to support the verdict) cannot be urged upon an appeal from the judgment only, nevertheless substantially the same questions are presented by assignments XXI and XXIX (error in not directing verdict and in not granting jurgment n. o. v.) which are properly urged on appeal from the judgment solely. In Woonsocket State Bank v. Parsons, supra, this court said: "Where a motion for a directed verdict made at the close of plaintiff's case

and renewed at the close of all the evidence is denied, on appeal where error is assigned on the denial of such motion this court will, in reviewing such assignment, review the evidence to determine if the court erred in denying the motion (Lyle v. Barnes, 30 S. D. 647, 139 N. W. 338), but in such case the weight or sufficiency of the evidence is not reviewed, but the review is confined to ascertaining if there is any evidence warranting a submission of the issues to a jury."

From this language it might be inferred that to review, on appeal from judgment, a motion for directed verdict by defendant made and denied at the close of all the testimony, such motion must have been preceded by a similar motion made and denied at the close of plaintiff's case. This, of course, would not be true. Motion for directed verdict by defendant made and denied at the close of plaintiff's case will not be reviewed unless renewed at the close of all the testimony, but the converse is not true. The language above quoted might also justify an inference that there was some distinction between the scope of the inquiry by this court in determining on appeal from an order denying new trial whether the evidence was sufficient to support the verdict, and in determining on appeal from a judgment whether the court errer in denying appellant's motion at the close of all the testimony for a directed verdict. We think such inference should not be indulged. If any such distinction exists, it is so fine and so artificial as to be impossible of any practical application, and we may safely say that for all practical purposes there is no such distinction. Where motion for new trial has been denied, a verdict will not be disturbed on appeal because of insufficiency of evidence to support the same if there is any substantial credible evidence (more than "a mere scintilla") in support thereof. All conflicts will be resolved in favor of the verdict. A verdict will not be disturbed on appeal for insufficiency of evidence where the trial court would not have been justified in directing a different verdict. Taylor v. White River Valley Ry. Co., 29 S. D. 12, 135 N. W. 758; Mundon v. Greenameyer, 44 S. D. 440, 184 N. W. 257. And conversely the propriety of a directed verdict is tested by determining whether the evidence would be deemed sufficient to support a jury verdict for the other party. Sioux Nat. Bank v. Lundberg, 54 S. D. 581, 223 N. W. 826; Commercial, etc., Bank v. Duitsman,

48 S. D. 534, 205 N. W. 379. So far as concerns sufficiency of evidence, therefore, we can see no difference susceptible of either measure or statement in the tests to be applied to determine whether the evidence is sufficient to support the verdict, or to determine whether the trial court ought to have directed a verdict, or to determine whether the trial court ought to have granted judgment n. o. v.

 We come then to consider the questions as to evidence presented by assignments XXI and XXIX predicating error on the refusal to direct a verdict and the refusal to grant judgment n. o. v.

Appellant's contentions here may be thus rubricated: First, that appellant was not negligent; second, that respondent himself was negligent; third, that respondent's driver was negligent and his negligence imputable to respondent; fourth, that respondent had "the last clear chance" to avoid the accident.

As to the negligence of appellant, the evidence was ample to justify the jury in finding that he was negligent, and upon the oral argument this point is practically conceded by appellant. Turning to the fourth contention of appellant wherein he seeks to invoke the doctrine of "last clear chance," we are unable to see that it has application in this case. The origin of this doctrine is generally ascribed to the language of Baron Parke in the English case of Davies v. Mann (1842) 10 M. & W. 546, 152 Eng. Rep. Reprint 588. The tenor of the doctrine is not to exonerate a party defendant from whom damages are claimed, but to compel the payment of damages by a negligent party defendant in certain cases notwithstanding the contributory negligence of the party plaintiff. By virtue of the doctrine a defendant whose negligent act was the final decisive cause of the accident may under certain circumstances be liable to the plaintiff even though the plaintiff had at an earlier stage of the proceedins been guilty of some negligence upon his own part in placing himself within the reach of the effects of the defendant's negligence. "This doctrine necessarily assumes negligence on the part of the defendant, and contributory negligence on the part of plaintiff, and has no application whatever except upon that assumption." De Noma v. Sioux Falls Traction System, 39 S. D. 10, 162 N. W. 746. See, also, McFarland v. Chicago, M. & St. P. R. Co., 51 S. D. 85, 212 N. W. 493. The

doctrine has no application to prevent recovery by a party plaintiff. Or perhaps it would be more accurate to say, strictly speaking, that occasion for invoking it against a party plaintiff cannot, in the nature of things, arise, and the case for the application of the doctrine cannot be reached. Contributory negligence on the part of the plaintiff seeking recovery being essential to the application of the doctrine of "last clear chance," the doctrine is not in any proper sense susceptible of being invoked by the defendant from whom recovery is sought against the plaintiff because, before that state can be reached, plaintiff's recovery is barred by his own contributory negligence.

 We come then to consider the second and third contentions of appellant, contributory negligence of respondent, and contributory negligence of respondent's driver imputable to him. No good purpose would be served by setting forth the testimony at length. We have examined it carefully, and, without undertaking to determine whether negligence of the driver would be imputable to respondent under the circumstances shown by this record, if, as a matter of fact, said driver was negligent, we are clearly of the opinion that it could not be said, as a matter of law, upon this record, that either respondent or respondent's driver was contributorily negligent, and those questions were properly for the jury.

We are therefore of the opinion that the learned trial judge ruled correctly in denying appellant's motion for directed verdict and in refusing to enter judgment n. o. v.

 One other matter requires attention. During the course of his testimony one of the witnesses made a rough pencil sketch or diagram of the scene of the collision and adjacent intersecting streets. This diagram was offered and received in evidence, and in seeking to present the same in this court appellant caused a blueprint to be made, which was in most respects quite similar to, but by no means substantially identical with, the exhibit in question, and placed such blueprint in his briefs. Such reproduction was not adapted materially to misrepresent the exhibit to respondent's prejudice and did not do so. Indeed the blueprint appears to disclose a fact situation more favorable to respondent's contentions than the actual exhibit. It is entirely manifest that appellant neither desired

nor intended to misrepresent or deceive, but sought merely a convenient and not too expensive means of endeavoring to present in his briefs the material facts of which the exhibit was illustrative. It must be said, however, regardless of good intentions on the part of appellant, that the blueprint was not in fact (and, of course, could not be) an accurate reproduction of the exhibit. A party undertaking in his brief to reproduce an exhibit should of course do so accurately. Respondent in his brief took exception to the inaccurate reproduction of appellant and deemed it necessary himself to reproduce and present photographic copies of the exhibit in question at an expense· of $15.50, which respondent asks to be allowed to tax as costs, in addition to the taxable cost of printing his brief. We think this request of respondent ought to be granted under the circumstances, and the clerk will tax the item accordingly.

The judgment appealed from is affirmed.

POLLEY, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.